EDWIN A. LEVICK *vs.* CHARLES L. NORTON.

The statute (Gen. Statutes, p. 234, secs. 20, 21,) provides that any driver of a vehicle who shall, by neglectiong to turn to the right in passing teams met on the highway, drive against another vehicle and injure its occupant or the property of any person, shall pay to the party injured in person or property treble damages; and that the owner of the vehicle shall, if the driver is unable to do so, pay the damages, to be recovered in a suit of *scire facias*. In a suit of *scire facias* so brought, in a case where the driver of the vehicle was the servant of the owner of it and acting in his employment, it was held—

1. That the statute imposes upon the master a statutory suretyship for the payment of all damages, resulting from the negligence or malicious conduct of the person employed by him to drive the vehicle, that shall be awarded against the latter under the statute.
2. That in the suit of *scire facias* against him, while he is concluded as to the amount of the damages, he may show, if he is able, that he was not master, or that the judgment was obtained by fraud or collusion.
3. That the act was one that the legislature had power to pass in the exercise of the police power vested in it for the protection of the persons and property of travellers·upon the public highways.
4. That it was not unconstitutional as taking away the defendant's property. without due process of law.
5. Nor as violating the constitutional provision protecting the right of trial by jury, the statute being an ancient one, and the defendant having a'l the rights that he had when the constitution was adopted.

[Argued December 5th, 1883—decided February 1st, 1884.]

SCIRE FACIAS; brought to the District Court of Waterbury.

The plaintiff had recovered a judgment in that court against one Mansfield for $292.50 damages and $37.84 costs of suit, under the statute (Gen. Statutes, tit. 16, ch. 7, secs. 20, 21, as amended by Acts of 1875, ch. 7,) which provides that " when the drivers of any vehicles for the conveyance of persons shall meet each other on the public highway, each shall turn to the right and slacken his pace so as to give half the travelled path, if practicable, and a fair and equal opportunity to pass, to the other," with a forfeiture to the town for a violation. And in the next section, that " every driver of any such vehicle, who shall, by neglecting to con-

Levick v. Norton.

form to the preceding section, drive against another vehicle and injure its owner or any person in it, or the property of any person, * * shall pay to the party injured treble damages and costs, and shall, if the injury is done designedly, forfeit to the state not more than one hundred dollars. And the owner of such vehicle shall, if the driver is unable to do so, pay the damages provided in this and the preceding section, to be recovered by a writ of *scire facias*."

The damages recovered against Mansfield were for an injury to the plaintiff and his property by driving a hack against a carriage which the plaintiff was driving on the public highway, while the former was neglecting to conform to the requirement of the statute as to turning to the right, and were the treble damages provided for by the statute. The present action of *scire facias* was brought against Norton the defendant for the recovery of the amount of the judgment from him, it being alleged that Mansfield was not able to pay the same and that the judgment remained wholly unsatisfied.

The complaint also alleged that Mansfield was at the time driving the hack as the servant of the defendant and on the defendant's business and in the course of his employment by him.

The defendant filed the following answer:—

By way of special defense the defendant says that the plaintiff ought not to have and maintain this action against him, because, he says:

1. The defendant was not a party to the original suit in which judgment was rendered against Mansfield, which said judgment is declared upon in this action.

2. The defendant has never been heard nor had an opportunity to be heard in court as to the amount of damages recovered in the action declared upon and now sought to be recovered from him.

3. The defendant has never had any notice nor been made a party to any action wherein it might be determined what amount of damage, if any, the plaintiff has sustained by reason of the alleged negligence of the said Mansfield.

4. That this action is in effect an effort to deprive the defendant of his property without due process of law and of his right of trial by jury.

The plaintiff demurred to this answer. The court (*Bradstreet, J.,*) overruled the demurrer, and the case was heard on a general denial, and judgment rendered for the plaintiff. From this judgment the defendant appealed to the Superior Court, in which court the case was reserved for the advice of this court.

*G. E. Terry*, for the appellant.

1. When a statute is grossly unjust in its operation and there is any question as to its constitutionality, courts ought not to examine too closely for a possible ground for sustaining it. Gross injustice may be very easily perpetrated under this statute. Suppose my irresponsible servant, either through malice or avarice, conspires with *A* to drive my vehicle in collision with his, and that suit shall then be brought to which he will make no defense; judgment may be entered for treble the amount of any unjust or extortionate damage *A* may claim, and then to my surprise a *scire facias* is brought against me to recover the amount of such judgment. I know of no greater injustice apparently sanctioned by law than this, if indeed it be sanctioned by this statute.

2. The constitution of the United States provides that no person shall be "deprived of life, liberty or property without due process of law." Amendments, Art. 5. Our own constitution also sustains the same principle. In some states the phrase "law of the land" is used, "but the meaning is the same in every case." Cooley on Const. Lim., 432. What is "due process of law" or "the law of the land?" Mr. Webster in his argument in the *Dartmouth College case*, 4 Wheat., 518, says:—"By the law of the land is most clearly intended the general law; a law which hears before it condemns; which proceeds upon inquiry and renders judgment only after trial. Everything which may pass under the form of an enactment is not therefore to be considered the

Levick v. Norton.

law of the land." In *Camp* v. *Rogers*, 44 Conn., 296, the court says, as to the claim of the plaintiff that the owner of the vehicle is in all cases liable—" Such a result is in itself so absurd as to show, either that the statute ought not to be so construed as to produce it, or that, if this be a correct construction of it, it is so far void, either as manifestly against natural justice, or as violating that article of the constitution which forbids the taking away from any person property without due process of law." See also *East Kingston* v. *Towle*, 48 N. Hamp., 57 ; *Happy* v. *Mosher*, 48 N. York, 313. We are not contending that the master should not be liable for the negligence of his servant, nor against the power of the legislature to enact that he shall be liable for his willful negligence, nor even in treble damages for such negligence, but do contend that it has no power to prescribe a remedy which in effect shall deprive one of his property without due process of law. It is true that this statute provides that if the driver is unable to pay such treble damages, the owner shall pay such *damages*, which so far would seem to imply that an action should be brought against him for *damages*, wherein he could be heard thereon, and if the statute stopped there we could probably have taken no exception to it, but it further adds " to be recovered in an action of *scire facias*." And here we only except when it is brought to recover on a former judgment instead of such damages.

3. The action in this case is founded upon a former judgment recovered against Mansfield, and no defense can be made to it which might have been made in the former action. *Hubbard* v. *Manning*, Kirby, 256 ; *Bradford* v. *Bradford*, 5 Conn., 127 ; *Sigourney* v. *Stockwell*, 4 Met., 521 ; *Richardson* v. *Wolcott*, 10 Allen, 439 ; *Smith* v. *Eaton*, 36 Maine, 298 ; *Langston* v. *Abney*, 43 Miss., 161 ; *Camp* v. *Baker*, 40 Geo., 148 ; *Dowling* v. *McGregor*, 91 Penn. St., 410. As we understand the law as applicable to actions of *scire facias*, the only defense that could be made in this case is—1st. That the defendant was not the owner of the vehicle. 2d. The ability of Mansfield to pay the judgment. 3d. Possibly, under the decision in *Camp* v. *Rogers*, that

Mansfield was the bailee for hire, or not under the defendant's control, that his, not is servant.  If we are correct then, a judgment in this case against the defendant would be taking $330, the amount of the former judgment, from him, without his being heard upon the question of damages or *without due process of law.*

4.  Possibly the legislature intended to provide, and the statute may be construed as providing, a new remedy by action of *scire facias* to recover treble damages from the owner in case the driver was unable to pay, in the same manner as in cases on bonds, recognizances and the like, when the whole question could be tried between the parties.  But it is monstrous to suppose that the legislature intended that an action could be brought upon a former judgment, to enforce it against one who was neither party nor privy to it.  Such a construction would overturn all the well known and established doctrines of enforcing judgments only between parties and privies.  This principle is so well established it is hardly necessary to cite authorities. *McLoud* v. *Selby*, 10 Conn., 390; *Fowler* v. *Collins*, 2 Root, 231.

*J. O'Neil*, for the appellee.

1.  The statute is constitutional.  1st.  It is a mere police regulation.  It regulates the manner in which carriages and other vehicles shall be driven on the public highways.  Probably every city in the state has passed ordinances regulating this matter.  Many of the states have enacted statutes of a similar character.  2d.  This action of *scire facias* is due process of law.  *Bertholf* v. *O'Reilly*, 74 N. York, 509.  The defendant here may contest two points : first, that he is the master; second, that the servant is not of ability to pay.  3d.  The defendant is not deprived of his right to a trial by jury.  He may in this *scire facias* put the issues to a jury.  The constitution provides that the right of trial by jury " shall remain "—meaning shall remain as it was before the adoption of the constitution.  But there never was any right in Connecticut to have a jury assess

damages. It always has been every day's practice for the court to assess damages. Again, this statute provides a penalty for the violation of a penal law, and the penalty is in no sense damages. *Barnett* v. *Atlantic & Pacific R. R. Co.*, 68 Misso., 56; *Cairo & St. Louis R. R. Co.* v. *People*, 92 Ill., 97; *Cairo & St. Louis R. R. Co.* v. *Warrington*, id., 157.

2. The statute is not void as contrary to natural justice. The legislature may enact that a master shall pay a judgment against the servant if that servant is unable to pay the same, for an act done in the course of the employment. *George* v. *Gobey*, 128 Mass., 289; *Bertholf* v. *O'Reilly*, 74 N. York, 509; *Dudley* v. *Sautbine*, 49 Iowa, 650; *Camp* v. *Rogers*, 44 Conn., 291. The common law makes the master liable for the acts of the servant done in the course of the employment. The real ground of his liability is, that having set the agency in motion he must control it. Wood's Master & Servant, 541. This statute has not altered the liability of the master, the remedy only is changed. The servant who must finally pay all is permitted in the first instance to contest all.

3. The servant is bound to indemnify the master for the consequences of his wrongful act. *Smith* v. *Foran*, 43 Conn., 250; *Camp* v. *Rogers*, (*supra.*) And the amount of the judgment against the master is conclusive on the servant in an action by the master for indemnification by the servant. *Masser* v. *Strickland*, 17 Serg. & R., 354; *Haight* v. *Hayt*, 19 N. York, 464; *Key* v. *Dent*, 14 Maryl., 86; *Barr* v. *Gratz's Heirs*, 4 Wheat., 213; *Green* v. *New River Co.*, 4 T. R., 590; *Rex* v. *Hebden*, Buller's N. P., 231; *Pritchard* v. *Hitchcock*, 6 Man. & Gr., 151; 2 Smith Lead. Cas., 285, 685. And if the servant would be bound by a judgment against the master, the master ought to be by one against the servant. Estoppels are mutual. The agent may rely on the estoppel of a judgment recovered by his principal whenever he would have been bound by it if the result had been adverse. *Campbell* v. *Phelps*, 1 Pick., 62;

*Castle* v. *Noyes*, 14 N. York, 329; *Wright* v. *Hazen*, 24 Verm., 143; *Knapp* v. *Marlboro*, 31 id., 674.

4. It is not necessary that the party bound by a judgment should be a party to the record. If by his relations to others he is virtually a party, he is bound. By the common law, if a man married, he assumed the obligations of the wife. If the debt was a judgment debt against the wife the practice always was for the creditor to take out a *scire facias* against the husband to collect the judgment. 1 Swift Dig., 583. The deputy sheriff contracts to indemnify the sheriff. A judgment against the sheriff concludes the deputy as to the amount. *Emery* v. *Fowler*, 39 Maine, 326. A surety contracts for the faithful performance by the administrator of his duties. A judgment against the administrator is conclusive on the surety as to the amount. *Willey* v. *Paulk*, 6 Conn., 74. By our statute law the master is surety for the servant, and as soon as it is established that the servant shall pay, it follows that the master, as surety, must pay that which the servant ought. A judgment for the plaintiff in an action of replevin against an agent, for property belonging to his principal, is conclusive on the principal. *McKinzie* v. *Baltimore & Ohio R. R. Co.*, 28 Maryl., 161. A recovery in trover or trespass, by or against a bailee, may be pleaded in bar to another suit brought for the same cause by the bailor. *Burton* v *Wilkinson*, 18 Verm., 186. Although a surety cannot rely on a judgment against himself as a proof that the principal is liable, he may still read it as an evidence that he was under a legal obligation to pay the debt, and when the fact is established that the defendant is principal, it follows that he must pay the debt which the surety has been compelled to pay. *Barr* v. *Gratz's Heirs*, 4 Wheat., 213; *Masser* v. *Strickland*, 17 Serg. & R., 354; *Haight* v. *Hayt*, 19 N. York, 464; *Key* v. *Dent*, 14 Maryl., 86. It has been held that a judgment against a servant or agent who defends a suit in right of his master or principal will be conclusive against a renewal of the controversy by the latter. See also—*Griswold* v. *Pitcairn*, 2 Conn., 89; *City of Norwich* v. *Breed*, 30

Levick v. Norton.

id., 535; *Heller* v. *Lessee of Jones*, 4 Binney, 61; *Bailey* v. *Foster*, 9 Pick., 139; *Case* v. *Reeve*, 14 Johns., 79; *Castle* v. *Noyes*, 4 Kern., 329; *Peterson* v. *Lothrop*, 34 Penn. St., 223; *Kent* v. *Hudson River R. R. Co.*, 22 Barb., 278; *Farnsworth* v. *Arnold*, 3 Sneed, 252; *Emery* v. *Fowler*, 39 Maine, 326; *Green* v. *New River Co.*, 4 T. R., 590.

PARDEE, J. The statute (Gen. Statutes, p. 234, secs. 20, 21,) and acts of 1875, chap. 7, provide in effect that when the drivers of any vehicles for the conveyance of persons shall meet each other in the public highway, each shall turn to the right and slacken his pace so as to give half of the travelled path, if practicable, and a fair and equal opportunity to pass, to the other; and that every driver of any such vehicle who shall, by neglecting to conform to this requirement, drive against another vehicle and injure its owner or any person in it, or the property of any person, shall pay to the person injured treble damages and costs; and that the owner of such vehicle shall, if the driver is unable to do so, pay the damages, to be recovered by writ of *scire facias*.

In 1882 the plaintiff recovered a judgment for $292.50 treble damages and $37.84 costs against Walter E. Mansfield, upon a complaint charging him with having carelessly and negligently driven a vehicle for the conveyance of persons, contrary to the statute, against a vehicle belonging to the plaintiff, to his damage. The latter brings this writ of *scire facias*, alleging that at the time of the injury Mansfield was driving a vehicle belonging to the defendant as his servant and in his employment; that the judgment remains unpaid, and that Mansfield is wholly unable to pay it; demanding payment of the defendant. The plaintiff had judgment. The defendant took an appeal, substantially for these reasons: namely, that the statute is unconstitutional in that it attempts to deprive the defendant of his property without due process of law; that he cannot be held answerable in damages assessed in the original action without opportunity of being heard thereon; and that he has been deprived

Levick *v.* Norton.

of his right to a trial by jury. The case is reserved for the advice of this court.

By the statute whoever unlawfully manages a vehicle for the conveyance of passengers upon the public way, and thereby inflicts an injury upon the person or property of another who is in the lawful use of the way, is placed under obligation to pay to the latter a sum three times greater than the actual damage; and every master inflicting injury upon the person or property of one who is in the lawful use of the public way by sending thereon his vehicle for the conveyance of passengers in the charge of a negligent or malicious servant, who there unlawfully uses the same, is made to pay the damages if the servant is unable so to do. The statute, regarding the master as having either with knowledge, or in ignorance, the result of gross and culpable negligence, sent the servant, and as being equally with him the author of the injury, imposes upon him equal responsibility, a statutory suretyship for all resulting damage. It intentionally puts him in the position which he would have occupied if he had expressly agreed that he would take the place of the servant as debtor for the injury, and that the liability of the latter should be the measure of his own. It substitutes him for the servant as completely as surety or bail can be for a principal or a bondsman for an executor. And the purpose of the special designation of the writ of *scire facias* as the form of action against him, is to make it a condition precedent to the exercise of his right to send a servant upon the way in charge of his vehicle, that he shall come under an obligation to be answerable for all damages resulting from the unlawful acts of the servant thereon; answerable too in an action upon the trial of which an unreversed and unsatisfied judgment of a court of competent jurisdiction in favor of the plaintiff and against the servant for the same injury shall be conclusive proof of the amount of the damage; leaving him the right to prove that he was not master or that the judgment was obtained by fraud or collusion.

All this by way of prevention of acts endangering the public safety. For upon the legislature is the duty and with

it is the power to protect the person and property of the traveler upon the highway from injury resulting from the unlawful use of it by another. The statute is the reasonable exercise of police power vested in it for the promotion of public welfare. It is the application of a common law principle regulating the trial of actions against sureties upon certain bonds and agreements.

For the general rule that judgments shall bind only parties and privies admits of this exception, that one may agree to stand in the place of another and to be so fully answerable for his debt or unlawful act as that a judgment against the latter shall conclude the former as to the amount of such debt or damage.

In *Willey* v. *Paulk*, 6 Conn., 74, the creditor of a testator recovered judgment against the executor; the latter died not having made payment. Upon an action on the probate bond against his sureties it was held that they were privies in contract to the judgment and that it was conclusive as to the amount of the damages. The court said: "The defendants were not, and could not be made, parties to the action against Leverett S. Chapman. But they are privies, not indeed in the fourfold class of privities of Lord Coke (1 Inst., 271 *a*,) but privies in contract as defined by Jacob (Law Dict., *Privies*,) partakers having an interest in any action or thing or any relation to another. But the defendants disclaim all relation to the judgment in question and claim that it was rendered between strangers to them. But they stand in the same relation to their principal as bail to theirs. The case of principal and surety, according to Pothier, a civilian of great authority, is not within the rule of *res inter alios acta*. The dependence of the obligation of a security on that of the principal debtor, to which it has acceded, also causes the security to be deemed the same party with the principal debtor in regard to all that is determined for or against the principal debtor."

In the 180th section of his work on Judgments, Mr. Freeman, after stating the general rule, and some exceptions, proceeds as follows: "Sureties upon the bond of an

executor or administrator seem also to occupy a position in which their responsibility may be fixed in suits to which they are not parties and in which they are not tendered an opportunity to defend. If a judgment has been recovered against an administrator and an action thereon be commenced against the surety on his bond to the ordinary, such judgment is conclusive unless the surety can show that it was obtained through fraud or collusion between the creditor and the administrator. The only questions open to the sureties upon a suit upon such a bond, after judgment against their principal, are in reference to the making of the bond and its legal sufficiency. When judgment has been recovered in a court of competent jurisdiction against an administrator, showing that he has received funds belonging to an estate and has failed to pay over the same, a breach of his administration bond is established. By this judgment the administrator is bound, and the sureties are concluded to the same extent to which their principal is concluded."

The legislature having power to make the defendant answerable in the action of *scire facias*, and he having been allowed to defend in accordance with the rules of the common law governing that action, he has had his day in court.

The statute essentially in its present form has been in existence more than three quarters of a century. So far forth as this action is concerned the defendant has all the rights and privileges which would have been his before the adoption of the constitution.

As the driver in this case was the servant of the defendant, and acting at the time in his employment, no such question arises as in the case of *Camp* v. *Rogers*, 44 Conn. R., 291, and our decision in this case is not to be holden as in any manner qualifying that.

The Superior Court is advised to render judgment for the plaintiff.

In this opinion the other judges concurred.