## MARHSALL D. STEVENS *vs.* MICHAEL KELLEY, JR.

Third Judicial District, New Haven, June Term, 1895. ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

Section 2690 of the General Statutes provides that every driver of a vehicle
for the conveyance of persons, who, by neglecting to conform to the
law of the road as prescribed in § 2689, shall drive against another
vehicle and injure its owner or any person in it, or the property of any
person, " or shall negligently drive against and injure any person,"
shall pay to the party injured treble damages. *Held :—*

1. That in order to entitle a plaintiff to treble damages, it was necessary for
   him to allege and prove all the essential elements of the statutory
   offense.
2. That one of the essential elements involved the negligent driving of a
   " vehicle for the conveyance of persons;" and in the absence of such
   an averment the complaint must be regarded as one for negligence at
   common law, upon proof of which only single, or ordinary, damages
   could be awarded.
3. That allegations that the defendant was, at the time of the injury, en-
   gaged in racing on the highway contrary to the statute, and that the
   damages were claimed by force of the statute, might properly be treated
   as surplusage, and did not prevent the complaint being a valid state-
   ment of a common law action.

Whether the statute, in view of its origin and history, ought to be con-
strued so as to make the mere civil tort of negligently driving against
another, in every place and under all circumstances, an offense, *quære.*

[Argued June 6th—decided July 24th, 1895.]

ACTION to recover damages for injuries sustained by the
plaintiff through the alleged negligence of the defendant in
driving against the plaintiff; brought to the Court of Com-
mon Pleas in New Haven County and tried to the jury before
*Hotchkiss, J.;* verdict for the plaintiff to recover $125 dam-
ages, which the court, upon the plaintiff's motion, increased
to $375, for which judgment was rendered, and appeal by the
defendant for alleged errors in the rulings and charge of the
court. The defendant also filed a motion for a new trial for
a verdict against evidence, which the trial court denied.
*Judgment set aside in part and affirmed as to residue; motion
for new trial denied.*

*William B. Stoddard*, for the appellant (defendant).

In order to recover under § 2689 of the General Statutes, it was incumbent upon the plaintiff to prove three things: (*a*) There must be two vehicles for the conveyance of persons. (*b*) They must meet in the public highway. (*c*) And the party accused must turn to the left instead of the right in passing the other vehicle. This construction of the statutes has, either directly or indirectly, been held in the following cases: *Hotchkiss* v. *Hoy*, 41 Conn., 574; *Camp* v. *Rogers*, 44 id., 296; *Levick* v. *Norton*, 51 id., 468; *O'Neill* v. *East Windsor*, 63 id., 150; *Broschart* v. *Tuttle*, 59 id., 8.

The charge is erroneous, because it authorizes the jury to render a verdict under the statute for the plaintiff, if the plaintiff simply proves that the defendant drove the team, without proving the other conditions imposed by the statute.

The court erred in rendering judgment for treble damages. The complaint does not allege a single fact which brings the case within the statute; and the finding of facts shows conclusively that no such facts were proved as bring the case within the statute. This question is fully settled in *Broschart* v. *Tuttle*, 59 Conn., 1.

*Earlliss P. Arvine* and *Louis E. Jacobs*, for the appellee (plaintiff).

The defendant seems to base his appeal mainly upon the claim that there can be no recovery under § 2690 of the General Statutes, unless at the time of the injury the plaintiff and the defendant were both driving teams upon the highway, and were meeting each other.

Manifestly the two injuries referred to in § 2690, are distinct. One is the result of neglecting to conform to the terms of the preceding section; the other is any case of negligently driving against any person upon the highway.

It is submitted that the charge as a whole makes it clear that if the defendant negligently drove against the plaintiff upon the highway, he is entitled to a right of action under the statute. If this is so, there is no error in the charge, and the evidence supports the verdict.

HAMERSLEY, J.   In 1797 "An Act to regulate Stage and
other Carriage Drivers" was passed.   The first section pro-
vides that whenever the drivers "of any stage, carriage, coach,
chaise or other wheel carriage for the conveyance of persons,
or of any sleigh, or other snow carriage used for that purpose,"
shall meet another carriage of like description conveying any
person or persons in a contrary direction, and shall have
occasion to pass each other, "it shall be the duty of every
such driver or drivers of such stages or other carriages meet-
ing each other, if mutual safety require and the ground or
way will permit, to turn or bear his carriage, each driver to
the right hand, or to slacken his or their pace or gait, or
otherwise endeavor to give each to the other a fair and equal
chance or advantage to pass."

The second section provides that "if any driver or drivers
of any such stage * * * shall by negligence or carelessness,
contrary to the true intent and meaning of this Act, run
against or strike any other such like carriage, horse or horses
drawing the same, and thereby cause or occasion any harm
* * * to any person or persons therein, or to such horse or
horses, carriage, tackle or furniture thereof, or shall in any
manner as aforesaid run upon, hit and hurt or injure any
person or persons travelling on horseback or on foot, who
shall not by any blamable conduct have occasioned such hurt
or damage; or if any such driver or drivers shall overrun or
overtake any other such like carriage travelling in the same
course, and shall run against or strike the same, * * * and
thereby do or cause any hurt, * * * such driver or drivers so
offending in either case as aforesaid, shall forfeit and pay to
the person or persons so hurt and injured, or suffering such
damage or injury, threefold damages and costs of prosecu-
tion, to be sued for and recoved by action, bill, plaint or
information, before any court proper to try the same."

The third section provides for an additional fine payable
to the public treasury, if any such driver "shall willingly
and of design be guilty of any such act or offense."

The fourth section provides that the owner of "any such
stage or travelling carriage as aforesaid" shall be liable for

any damage which may be recovered of any driver by virtue of the Act, if such driver is not able to pay the same, to be recovered of such owner by writ of *scire facias.*

Some years subsequently, a fine was imposed for any violation of the first section, and an additional Act was passed, which provides that when any such vehicle for the conveyance of persons shall meet or overtake a team in the public highway, and shall have occasion to pass the same, the teamster shall turn to one side so as to give such vehicle an opportunity to pass, and for failure so to do shall forfeit seven dollars, to be recovered in a *qui tam* prosecution. With these exceptions, no change has been made in the Act of 1797, except such changes in phraseology as have been made in the succeeding Revisions of the General Statutes, for purposes of brevity and consolidation.

This law, in its present form, is contained in §§ 2689–2691 of the General Statutes of 1888; these changes were not intended to alter the original purpose and meaning of the Act. " The statute essentially in its present form had been in existence more than three quarters of a century. *Levick* v. *Norton,* 51 Conn., 471.

Section 2690 reads : "Every driver of any such vehicle, (for the conveyance of persons) who shall, by neglecting to conform to the preceding section, (which lays down the law of the road substantially as in § 1 of the Act of 1797) drive against another vehicle and injure its owner or any person in it, or the property of any person, or shall negligently drive against and injure any person, or shall drive against any vehicle traveling the same course and injure any person or the horses or other property of any person, shall pay to the party injured treble damages and costs."

The complaint in this action alleges : 1, the plaintiff was crossing the highway from the town hall to the public square in the town of Guilford ; 2, the defendant was traveling over the same highway, in a cross-direction from that of the plaintiff, in a vehicle owned by one Michael Kelley, father of the defendant, and being rapidly driven by said defendant; 3, the defendant carelessly and negligently drove against the

plaintiff, in endeavoring to pass him; 4, the defendant was driving, at a rapid pace and racing on said highway, contrary to the statute; 5, by reason of the careless and negligent driving the plaintiff was thrown to the ground and injured; 6, in consequence of said careless and negligent driving and throwing down, the plaintiff sustained the injuries specified; 7, the plaintiff was not negligent, but was using ordinary care; 8, "the plaintiff claims by force of the statute in such case provided, $1,000."

This is a common law action to recover damages for negligence; in which the plaintiff may obtain the full measure of any damage he has suffered. It is true that the plaintiff alleges the defendant was engaged in racing on the highway contrary to the statute, and claims damages by force of the statute; but these misstatements as to the statute may properly be treated as surplusage, and do not prevent the complaint being a valid statement of the common law action. It was not demurrable; although a motion to strike out the unnecessary words might have been sustained.

The finding of the court below is as follows:—

"The jury rendered a verdict in favor of the plaintiff for $125 damages, and his costs. The plaintiff claimed and asked the court to render judgment for treble damages. The defendant objected to the court rendering such judgment, because that under the facts as alleged and proved, the case did not come within the statute. The court overruled the defendant's claims and rendered judgment for the plaintiff for treble damages, as appears from record, to which the defendant excepted."

The error assigned in the 8th reason of appeal is: "The court erred in overruling the defendant's claim that upon the facts alleged and proved the case did not come within the statute, and in rendering treble damages for the plaintiff." Where upon the face of the record it is patent that the court has rendered a judgment unsupported by the verdict of the jury and clearly contrary to law, such general assignment of error may be sufficient. *Hathaway* v. *St. John*, 20 Conn., 343, 349; *Tolland* v. *Willington*, 26 id., 578, 581.

The arguments at bar dealt mainly with the construction of § 2690. Counsel for the plaintiff claimed that the section meant that any person who negligently drives against and injures another shall pay the injured party triple damages. It is evident that the triple damages are given the injured party, not as compensation for the injury done him, but as a punishment of the defendant for an offense committed against the State. Compensation full and adequate for the damage caused by the negligent act of the defendant, is provided by the common law action. The statutory damage is given to the plaintiff as a reward for convicting the defendant of the statutory offense.

The plaintiff's claim is that the prohibition of driving against any person, is independent of other parts of the Act, and so the statutory offense is committed by negligently driving against another, in any place under any circumstances. The reason is obvious for making the violation of the law of the road as laid down in § 2689 an offense, and also for making the driving against a carriage in lawful possession of the road, by one driving in the same course, an offense; but the reason is not so obvious for making the civil tort of negligently driving against another in any place and under any circumstances, an offense. The phraseology and grammatical construction of § 2690, reading it as an independent enactment unaffected by its history and origin, furnishes ground for the plaintiff's claim. On the other hand, the phraseology and grammatical construction of the original Act of 1797, read in the light of the conditions existing at the time of its enactment, furnishes ground for the claim that the evil sought to be provided against, was the disobedience by drivers of stages and other traveling carriages, of the law of the road, as laid down for them by the Act, when meeting either another like carriage or a traveler on horseback or on foot; and also the disobedience by such drivers of the common law of the road in overrunning and striking any such like carriage traveling in the same course; and that the offense which subjected any such driver to the penalty of triple damages was committed, first when the " drivers of any such stage * * *

shall by negligence or carelessness, contrary to the true intent and meaning of this Act, run against or strike any other such like carriage," or "shall in any manner as aforesaid (*i. e.*, by negligence or carelessness contrary to the true intent and meaning of this Act) run upon, hit and hurt or injure any person traveling on horseback or on foot, who shall not by any blamable conduct, have occasioned such hurt or damage ; and second, when any such driver shall overrun any other like carriage, traveling in the same course, and shall run against and strike the same.

If such is the true meaning of the original Act, it would be a serious question whether the changes occasioned by repeated revisions of the General Statutes, should be held to have so essentially altered its meaning as the plaintiff's claim indicates. But we do not pursue the discussion, as a decision is not required for the disposition of this case, and the question has heretofore never been a practical one. Since the passage of the Act in 1797, the plaintiff's claim has not been presented to this court, and so far as our means of information extend, has never been raised in any trial at *nisi prius.*

It is enough for the purposes of this case that, whatever may be the elements of the offense for which triple damages may be imposed, it is certain that those elements must be alleged and proved in order to justify a judgment for such damages ; and it is equally certain that an element essential to the offense, without which it is impossible for the offense to be committed, is the driving of a stage, etc., for the conveyance of persons, as expressed in the Act of 1797, or of a " vehicle for the conveyance of persons," as expressed in § 2689. The plaintiff has neither alleged nor proved this essential element ; and the record shows that the court, in a common law action for negligence, has rendered a judgment for $375, upon a verdict that the plaintiff recover $125. The rendition of such a judgment is a fatal error. In *Hotchkiss* v. *Hoy*, 41 Conn., 568, 576, it is held that the complaint may allege the vehicle was one for the conveyance of persons, without using the exact words of the statute ; but the allega-

tion must be sufficient to bring the vehicle within the description of those mentioned in the statute.  As was said by JUDGE LOOMIS in delivering the opinion of the court in *Broschart* v. *Tuttle*: " Whether, in order to recover the extraordinary damages given by the statute, it is necessary to refer to it specifically in the complaint, we will not determine, but it is conceded to be necessary to state such facts in the complaint as will clearly bring the defendant within the provisions of the statute.  The plaintiff may have an election between his remedy at common law and the one given by statute, but the court has no election and can only render such judgment in damages as the record calls for." 59 Conn., 1, 8.

In that case the plaintiff and defendant were each driving a vehicle and going in opposite directions, and—as in this case—there was a verdict for the plaintiff, and a motion for triple damages.  This court held that the motion was properly denied, and judgment properly given for the damages assessed by the jury.  The plaintiff claimed that the allegation in his complaint that the parties were driving in opposite directions, was sufficient to bring the case within that clause of the statute relating to injuries caused by not turning to the right, etc.; but the court held that all the conditions contemplated by that clause must be specifically and clearly stated.  Apparently the complaint was also defective in not alleging that the defendant was driving a vehicle for the conveyance of persons, although the opinion deals only with the other defects.  The principle, however, applied to the complaint in that case, is clear and must control in this.

The defendant also, in his reasons of appeal, assigns certain errors claimed to have arisen in the charge of the court. So far as the alleged errors consist in the comments of the court upon the statute, they were induced by the defendant's own erroneous request, and with the view we take of the complaint, did not injuriously affect him; of such errors he cannot complain.  So far as the alleged errors consist in the comments of the court upon the plaintiff's right to recover damages for negligence as alleged in the complaint, we do

not think the errors specially assigned, taken in connection with the rest of the charge, are such as to justify a new trial. The conditions of the evidence as recited in the finding were, on the whole, fairly met in the charge, and no legal principle which the defendant was entitled to have stated, was actually omitted. The real ground of complaint lies in the piecemeal statement of rules that, taking the whole charge together, were stated with substantial correctness; such a course is not to be commended, but does not call for a new trial, unless followed in such manner as to indicate that the jury might have been misled.

The motion for a new trial must be denied. The point principally argued is that the evidence did not identify the defendant as the person who was driving the horse which was driven against and injured the plaintiff. There was testimony tending to show this, and as the defendant offered no testimony, such evidence, in connection with the fact that the defendant did not deny it, is sufficient to prevent the court from holding that the jury were not warranted in finding that he was the man. In *Blatch* v. *Archer*, 1 Cowper, 63–65, LORD MANSFIELD said : " It is certainly a maxim that all evidence is to be weighed according to the proof which it was in the power of one side to have produced, and in the power of the other to have contradicted." *McDonough* v. *O'Niel*, 113 Mass., 92 ; *Simes* v. *Rockwell*, 156 id., 372 ; 2 Whar. on Ev., § 1136.

So much of the judgment as includes damages exceeding the sum of $125, is erroneous and is set aside ; the judgment is affirmed as to the residue. The motion for new trial is denied.

In this opinion the other judges concurred.