ROBERT D. LEONE *v.* EUGENE A. KNIGHTON
(12498)

PETERS, C. J., SHEA, DANNEHY, SANTANIELLO and CALLAHAN, Js.

Argued April 3—decision released June 18, 1985

*Snow Gene Munford,* for the appellant (plaintiff).

*Ralph G. Eddy,* with whom, on the brief, was *Michael E. Riley,* for the appellee (defendant).

DANNEHY, J. The principal question raised by this appeal relates to the denial of the plaintiff's motion to amend his complaint. It clearly appears there was no error in denying the motion.

This action was brought to recover damages for injuries sustained as a result of an automobile collision on Route 84 in East Hartford. The plaintiff claimed that the collision was caused by the negligent operation of the defendant's automobile. The defendant denied negligence and, in a special defense, charged contributory negligence by the plaintiff. Before commencement of the trial, the defendant admitted liability and the case was tried upon the issue of damages only. On March 13, 1984, the plaintiff recovered a verdict. Eight days later, on March 21, 1984, the plaintiff moved to amend his complaint by inserting therein such facts as would bring the case within the provisions of § 14-295 of the General Statutes[1] and by striking all allegations of negligence not applicable to that statute. The trial court, *Brenneman, J.,* denied the motion and the case comes to this court on the plaintiff's appeal, claiming error by the trial court in denying the motion to amend, and sundry errors incidental to that contention.

---

[1] "[General Statutes] Sec. 14-295. DOUBLE OR TREBLE DAMAGES. Each person who, by neglecting to conform to any provision of sections 14-230 to 14-242, inclusive, or section 14-245, or 14-247, causes any injury to the person or property of another, shall be liable to the party injured in double or treble damages if, in the discretion of the court in which any action is pending, double or treble damages are just, with the costs of such action."

We cannot hold, under the rule announced in *Broschart* v. *Tuttle,* 59 Conn. 1, 21 A. 925 (1890), as amplified and explained in *Tillinghast* v. *Leppert,* 93 Conn. 247, 105 A. 615 (1919), and followed in *Alaimo* v. *Royer,* 188 Conn. 36, 448 A.2d 207 (1982), that the trial court erred in denying the motion to amend the complaint. We have long recognized certain rules governing actions seeking to recover double or treble damages under § 14-295 of the General Statutes. We require that the complaint clearly state such facts as will bring the case within the provisions of the statute. Additionally, we require that the claim for relief be specifically based upon the statutory remedy. We also require the proof to indicate that the verdict was necessarily founded upon a violation of the statute authorizing the extraordinary damages. And we have held that it must clearly appear that the jury found for the plaintiff under the statutory cause of action authorizing these extraordinary damages, and not for any other alleged cause of action. *Tillinghast* v. *Leppert,* supra, 250. The plaintiff attempted to address these concerns by moving to amend his complaint after a verdict had been returned. "The trial court has wide discretion in granting or denying amendments before, during, or after trial." *Lawson* v. *Godfried,* 181 Conn. 214, 216, 435 A.2d 15 (1980). Given the fact that the plaintiff sought, in effect, totally to transform his cause of action after a jury verdict had already been returned, we cannot say that the trial court abused its discretion in denying the motion. See Practice Book §§ 176 through 180.

The remaining question, then, is whether the complaint as it stood at the time of trial and verdict clearly states any facts which would entitle the plaintiff to multiple damages under the statute. The complaint is in one count. It alleges several different acts in the operation of the defendant's automobile as negligence which

caused the injuries for which this action was brought. There is but one cause of action, although several distinct acts are relied upon as constituting negligence. Prior to the trial the defendant admitted he was to blame for the accident in which the plaintiff was injured. Because of this, in committing the action to the jury, the trial court directed the jury to find for the plaintiff and against the defendant. The only question of fact submitted to the jury was how much the verdict should be, and that was the matter and the only matter which was tried in the course of the proceedings. It should be noted in passing that there is no claim that the jury failed to understand the law applicable to damages. Further, the plaintiff presented no evidence to prove the negligent operation of the automobile by the defendant. The trial resulted in a general verdict for the plaintiff. Thereupon the plaintiff filed a motion that he be allowed to amend his complaint in order, first, "[t]o more specifically define and demarcate the claim of double or treble damages under Sec. 14-295 of the Conn. General Statutes," second, "[t]o more specifically define and demarcate the claim of the Plaintiff for double or treble damages under the statute in accordance with discussions on same [with] Judge Kelly before the trial and with Judge Brenneman before trial, during trial, and after the jury verdict was received and recorded but before the hearing on liability was commenced,"[2] and third, "[t]o have [the] defendant make the pleadings conform with the proof." The court denied the motion.

It is clear from the allegations contained in the complaint that no facts are stated that would suffice for

[2] The plaintiff has provided us with no record of the discussions with Judge Kelly before the trial and with Judge Brenneman before trial, during trial, and after the jury verdict was received. "While a true picture may not be presented here because of [discussions] that took place in chambers, the case, nevertheless, must be decided on the record. *Cohn* v. *Mt. Zion Baptist Church*, 130 Conn. 362, 366, 34 A.2d 129 (1943)." *Hasbrouck* v. *Hasbrouck*, 195 Conn. 558, 560, 489 A.2d 1022 (1985).

recovery under the provisions of § 14-295. The complaint does not expressly invoke § 14-295. See Practice Book § 109A; *Alaimo* v. *Royer,* supra, 43. It contains no statement of facts to bring the plaintiff's claim within the boundaries of that statute. Moreover, there is no proof to indicate that the verdict was necessarily founded upon a violation of the statute authorizing extraordinary damages. In fact, as we have already noted, that factual issue was never submitted to the jury. The only question before the jury was the determination of damages. Unless the plaintiff could establish that he was injured because of a violation of one of the so-called "rules of the road" enumerated in § 14-295, and not for any other alleged cause of action, he had no remedy under that statute. Obviously, that necessary and required proof was fatally lacking.

There is no error.

In this opinion the other judges concurred.