[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE
This case comes to this court on plaintiff's motion to strike defendant's special defense, the fourth count of the counterclaim, and portions of the demands for relief.
The motion is granted in its entirety.
Plaintiff Norwich Savings Society filed a single-count complaint seeking to foreclose a mortgage given to it by defendant Joseph M. Caldrello, II to secure a promissory note in the amount of $500,000.00. Defendant filed an answer, "special defenses," and four-count counterclaim. The "special defenses" are contained in eight consecutively numbered paragraphs under the single heading "Special Defenses." The fourth count of the counterclaim alleges the following facts.
The plaintiff constituted an enterprise, the "fairs" (sic) of which were conducted through a pattern of racketeering activity within the meaning of Title18 U.S.C. § 1962. On or before November 7, 1988, the plaintiff, the defendant's father, and plaintiff's senior vice president, "and others known and unknown" enriched themselves to the economic loss of the defendant by engaging in a pattern of unlawful actions, including conduct violative of Title18 U.S.C. § 656 (Theft, embezzlement or misapplication by bank officer or employee), Connecticut General Statutes section 53a-122 (Larceny in the First Degree), Title18 U.S.C. § 1341 (Mail Fraud), and Title 18 U.S.C. § 1951
(Interference with Commerce by Threats or Violence). Specifically, defendant alleges that the plaintiff, et al, prepared the note and mortgage for execution by the defendant, caused defendant to execute the same, but privately assured him that he would not have to repay the loan. Further, defendant alleges that the bulk of the proceeds of the loan were paid to the plaintiff. Defendant also alleges that CT Page 3002 plaintiff and its vice president assured him that the loan would be repaid to the plaintiff within 90 days either from the sale of property or remortgage of property owned by defendant's father and/or by corporations owned and/or controlled by him, and that this conduct constituted both a violation of 18 U.S.C. § 656 and a fraudulent inducement in violation of Connecticut General Statutes section 53a-122.
Defendant further alleges that the plaintiff, without defendant's knowledge or consent, secretly entered into a scheme with defendant's father to extend beyond the 90 day period the time for repayment of the loan, thereby injuring defendant. Defendant next alleges that the plaintiff's senior vice president mailed defendant a letter with the purpose and intent to further the fraudulent scheme and to obtain money from the defendant.
In each of the four counts of the counterclaim defendant seeks compensatory damages, treble damages and costs. In the first and fourth counts he also seeks punitive damages and attorney's fees. None of the requests for relief is stated on a separate page of the counterclaim as required by Connecticut Practice Book section 131 but rather each directly follows the count to which it applies.
Plaintiff now moves to strike the "Special Defenses," the fourth count, and portions of the demand for relief. Specifically, plaintiff moves to strike the "special defenses" on the ground that it is not a legally sufficient defense to a foreclosure action, and as set out it fails to comply with Connecticut Practice Book section 165. Plaintiff moves to strike the fourth count of the counterclaim on the ground that defendant has failed to allege facts sufficient to state a claim under RICO. Plaintiff moves to strike the claims for treble damages in counts one, two and three and punitive damages in count four on the ground that defendant has not cited any statutory authority for such damages.
A. The "Special Defenses"
Connecticut Practice Book section 165 states:
 Where several matters of defense are pleaded, each must refer to the cause of action which it is intended to answer, and be separately stated and designated as a separate defense, as, First Defense, Second Defense, etc. Where the complaint or counterclaim is for more than one cause of action, set forth in several counts, CT Page 3003 each separate matter of defense should be preceded by a designation of the cause of action which it is designed to meet, in this manner: First Defense to First Count, Second Defense to First Count, First Defense to Second Count, and so on. Any statement of a matter of defense resting in part upon facts pleaded in any preceding statement in the same answer may refer to those facts as thus recited, without otherwise repeating the.
The defendant has not complied with this section. The proper means of correcting such error is a request to revise, not a motion to strike. See Connecticut Practice Book section 147.
More importantly, however, even as plead, defendant's special defenses do not contain sufficient factual allegations that support a defense to plaintiff's foreclosure action. The motion to strike the "Special Defenses" must be granted.
B. The Fourth Count of the Counterclaim
Plaintiff argues that defendant has failed to plead the necessary elements of an action under18 U.S.C. § 1962 (RICO). Defendant's memorandum in opposition contains no citations to any legal authority, but argues that plaintiff should have filed a request to revise. The allegations of the fourth count of the counterclaim are insufficient to apprise the court of the cause of action being plead in that count. Further, while defendant cites several statutes which he claims plaintiff violated, the factual allegations lack specificity as to how those statutes were violated. Therefore, the motion to strike the fourth count of the counterclaim must be granted.
C. The Demands for Relief
Because the fourth count of the counterclaim must be stricken, the demand for relief accompanying that count must also be stricken.
Accompanying counts one through three of the counterclaim are claims for treble damages. Plaintiff moves to strike these claims on the ground that defendant has not cited any statutory authority for the claimed relief. Defendant argues in his brief that Connecticut General Statutes section52-564 (Treble Damages for Theft) authorizes the treble damages. CT Page 3004
In Alaimo v. Royer, 188 Conn. 36 (1982), the court addressed the question of whether a claim for treble damages under Connecticut General Statutes section 52-564 must specifically plead the statute. Answering the question in the affirmative, the court stated that the claim for relief must be specifically based on the statutory remedy, as well as factually within its boundaries. Id. at 43. See also Leone v. Knighton, 196 Conn. 494, 496 (1985); DeMilo v. West Haven,189 Conn. 671, 675-6 (1983).
In the present case defendant has cited no statutory authority for his treble damages claims. Therefore, the motion to strike these claims must be granted.
LEUBA, J.