[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff alleges the following facts in her complaint. She was driving westbound on Route 70 in Waterbury when her vehicle was struck by a truck driven by defendant Mowad which had crossed the center line of the highway. The truck was owned by Mowad's employer, J.P. Jarjura Sons. As a result of this collision, plaintiff suffered extensive and serious injuries. Plaintiff sues both Mowad and Jarjura, and seeks double/treble CT Page 6955 damages from both pursuant to General Statutes 14-295.
Jarjura has filed a motion to strike the claim for double/treble damages on the ground that an employer cannot be liable for such damages. The plaintiff objects to the motion, and argues that an employer-owner can be held liable for double/treble damages.
"There are currently no appellate court decisions on the issues [sic] of employer liability or double or treble damages pursuant to 74-295." Cunningham v. Langlois, 5 Conn. L. Rptr. 79
October 1, 1991, McWeeny, J.). A number of superior courts, interpreting Gionfriddo v. Avis Rent A Car System, Inc., 192 Conn. 280
(1984), have reached different conclusions.
The court in Gionfriddo held that, by virtue of 14-154a, an owner-lessor could be liable for double/treble damages if the lessee were reckless. Id., 290. The court also stated that "14-154a covers both owners and lessors. We have been able to discern no reason of policy, nor have the defendants offered any, to distinguish between the liability of owners and lessors." Id., 288 n. 4. And the "legislature has determined that the owner or lessor of a motor vehicle shall be liable `to the same extent of the operator.'" Id., 287. And the court cited with approval Lewick v. Norton, 51 Conn. 461 (1884) where the court held the owner-employer liable for treble damages for the employee's negligence. Id., 287-288.
Both Rodrigues v. Woodland, 3 CSCR 21 (November 4, 1987, Hale, J.) and Knowling v. Sevens, 2 CSCR 235 (January 9, 1987, Noren, J.) read this language from Gionfriddo to mean that owners of automobiles could be liable for double/treble damages, pursuant to 14-295. In both cases, the owner was also the driver's employer. But see Cunningham, supra (employer-owner not liable for double/treble damages); Byrnes v. General Oil Co., 3 CTLR 165
(January 23, 1991, Dunn, J.) (same).
In Waslawski v. Robinson, 6 Conn. L. Rptr. 138 (February 11, 1992, Byrne, J.), the court held that an owner-non-operator could be liable for double/treble damages by virtue of 52-183, which states that if an owner is sued for injuries caused by reckless operation of a vehicle, "the operator, if he is other than the owner of the motor vehicle, shall be presumed to be the agent and servant of the owner of the motor vehicle and operating it in the course of his employment." The court held that this section "[raises] the presumption of such owner's liability for reckless operation." Id. See also Courtois v. Carr, 5 Conn. L. Rptr. 330
(January 6, 1992, Corrigan, J.) (same). These cases provide further support for the denial of Jarjura's motion. CT Page 6956
Jarjura could be liable for double and treble damages pursuant to 14-295 under either the reasoning of Rodrigues, supra, and Knowling, supra, or Waslawski, supra, or Byrnes, supra and Courtois, supra. "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Westport Bank Trust v. Mallin, Aresco Corcoran, 221 Conn. 490,496 (1992). Because plaintiff has alleged a valid claim for multiple damages against Jarjura, the motion to strike is denied.
So ordered.
LANGENBACH, J.