[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE (#109)
This case arises out of a motor vehicle accident which occurred on May 29, 2000 when the plaintiffs vehicle was allegedly struck by a wrecker operated by the defendant Sebastiano P. Sciarretta and owned by the defendant Preferred Towing Auto Repair, Inc.. The original complaint dated October 1, 2001, contained allegations of negligence and recklessness in a single count. On December 10, 2001, the court (Alander, J.) overruled the plaintiffs objection to the defendant's request to revise and ordered the plaintiff to separate the claims of negligence and recklessness into two counts. Accordingly, on December 28, 2001, the plaintiff filed an amended complaint which alleged negligence in the first count and statutory recklessness in the second count. in the third count the plaintiff alleged a claim for property toss only. A fourth count was also alleged but the court cannot discern the cause of action stated in that count.[1]
On January 7, 2002, the defendants filed a motion to strike the second count and the fourth count. The defendants present two grounds in support of their motion to strike. First, the defendants claim the complaint does not contain sufficient facts to support a claim for statutory recklessness pursuant to General Statutes, § 14-295. Second, the defendant Preferred claims it cannot be held vicariously liable under § 14-295. CT Page 8346
Following the filing the defendants' motion to strike, the plaintiff filed a request for leave to amend the amended complaint on February 11, 2002. There was no objection filed by the defendants. The amendments submitted amplify the facts which the plaintiff relies upon to support his claim of statutory recklessness.
General Statutes § 14-295 provides that: "In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234,14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property." There is a split of authority within the Superior Court on the specificity needed to properly allege a claim of statutory recklessness under this statute with some courts taking the position that it suffices to plead the terms of the statute, see, e.g., Lombard v. Booth, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 383637 (July 12, 2001) (Stevens, J.) and cases cited in footnote 2 therein, and other courts requiring specific factual allegations to support the requisite degree of recklessness to impose statutory liability. See, e.g., Id., cases cited at footnote 3 therein.
In part, this split of authority rests on the assumption that the degree of specificity required to plead a statutory recklessness claim under § 14-295 has not been addressed by the appellate courts. See, e.g., Alves v. Brown, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 383322 (Feb. 21, 2002) (Rush, J.); Donahue v.Thomas, Superior Court, judicial district of Waterbury, Docket No. 161182 (Feb. 28, 2001) (Rogers, J.); Torres v. Jacovino, Superior Court, judicial district of Waterbury, Docket No. 150549 (May 12, 2000) (Doherty, J.); Carta v. Cohn, Superior Court, judicial district of New Haven at Meriden (Jan. 12, 1999) (Dorsey, J.T.R.). It is technically correct that neither the Supreme Court nor the Appellate Court has addressed the pleading requirements for the present version of §14-295, which was most recently amended in 1988. See Armstrong v. Smith, Superior Court, judicial district of Hartford, Docket No. 533947 (Dec. 2, 1994) (Sheldon, J.) for a discussion of the legislative history of the 1988 amendment. Nonetheless, there is ample authority addressing the pleading requirements for the predecessors of § 14-295 and the authority leave no doubt both that "the complaint clearly state such facts as will bring the case within the provisions of the statute . . . [and] that the claim for relief be specifically based upon the statutory remedy." Leone v. Knighton, 196 Conn. 494, 496, 493 A.2d 887 (1985). CT Page 8347
The antecedent of § 14-295 was a 1797 statute entitled "An Act to Regulate Stage and Other Carriage Drivers" which provided for punitive damages for certain violations of the rules of the road. See Bishop v.Kelly, 206 Conn. 608, 618, 539 A.2d 108 (1988); Gionfriddo v. Avis Rent ACar System, Inc., 192 Conn. 280, 287, n. 3, 472 A.2d 306 (1984). The statute was considered a penal statute. Stevens v. Kelley, 66 Conn. 570,575 (1895); Hotchkiss v. Hoy, 41 Conn. 568, 577 (1874). "[T]he triple damages are given the injured party, not as compensation for the injury done him, but as a punishment of the defendant for an offense committed against the State." Stevens v. Kelley, supra, 66 Conn. 575. The purpose of the statute was to deter acts that might endanger public safety and "protect the person and property of the traveler upon the highway from injury resulting from the unlawful use of it by another." Levick v.Norton, 51 Conn. 461, 469-70 (1884). A version of a statute allowing for multiple damages for unlawful use of the road has been in effect continuously since 1797, although the nature of the "rules-of-the-road" violations has changed over time and the statute was amended in 1909 to shift the decision to award multiple damages from the jury to the court, an amendment subsequently found to be a violation of the state constitution in 1988. Bishop v. Kelly, supra, 206 Conn. 621.
Over the years, the Supreme Court has had numerous opportunities to consider the pleading and proof requirements for the predecessors to § 14-295. It is clear from these cases that the complaint must allege specific facts which bring the defendant within the provisions of the statute.
In Hotchkiss v. Hoy, supra, 41 Conn. 575-77, the court was faced with the question of the sufficiency of the complaint to state a cause of action within a subsection of the "rules-of-the-road" statute which set forth the rules that applied when vehicles for the conveyance of passengers met or overtook "a team in the public highway." The facts as alleged were that the plaintiff was driving a sleigh conveying a pleasure party of thirty and the defendant was driving a sleigh containing himself and two other persons and that, when the plaintiffs sleigh overtook the defendant's sleigh, the defendant failed to abide by the rules set forth in the subsection. The court concluded that these facts were insufficient because the plaintiff and defendant were both driving vehicles for the conveyance of persons and the subsection specifically referred to a "team" by which it meant a vehicle drawn by animals carrying loads and not people. The court stated that it "must appear that the party comes clearly within the terms of the statute or he cannot be subjected. The plaintiff is not without adequate remedy at the common law, if he has been obstructed or impeded when traveling on the public highway." Id.,41 Conn. 577. CT Page 8348
In Broschart v. Tuttle, 59 Conn. 1, 21 A. 925 (1890), the complaint alleged and the proof established that when the defendant's sleigh was nearly opposite the plaintiffs sleigh on the roadway, the defendant carelessly drove or permitted his horse, which he knew to be unmanageable, to cross the highway and strike the plaintiffs sleigh. After the jury returned a verdict in favor of the plaintiff, he appealed the denial of his motion for treble damages. There was no reference to the statute or a claim for treble damages in the complaint. The court stated that it did not need to determine whether the complaint needed to specifically refer to the statutory section "in order to recover the extraordinary damages given by the statute . . . but it is conceded to be necessary to state such facts in the complaint as will clearly bring the defendant within the provisions of the statute." Id., 59 Conn. 8. Because the complaint failed to allege specific facts to bring the case within the terms of the statute, the court concluded that the plaintiff could not recover treble damages.
In Stevens v. Kelley, supra, 66 Conn. 576, the plaintiff neither alleged nor proved a number of the essential elements of the statutory violation, specifically he failed to allege that he was driving a vehicle for the conveyance of persons, see Hotchkiss v. Hoy, supra, 41 Conn. 576, and he failed to allege sufficient specific facts to bring the case within the terms of the statute. See Broschart v. Tuttle, supra,59 Conn. 8. The court stated that "whatever may be the elements of the offense for which triple damages may be imposed, it is certain that those elements must be alleged and proved in order to justify a judgment for such damages." Stevens v. Kelley, supra, 66 Conn. 576. Accordingly, the court set aside the award of treble damages in the plaintiffs favor.
In 1919, in the case of Tillinghast v. Lepert, 93 Conn. 247, 249-50,105 A. 615 (1919), the court had occasion to discuss the requirements to prevail under what it described as "the law of the road" statute. "We have adopted certain rules governing actions seeking to recover double or treble damages under statutes. We require that the complaint shall clearly state such facts as will bring the case within the statute. And we require that the claim for relief shall be clearly based upon the statutory remedy. We also require the proof to indicate that the verdict was necessarily founded upon a violation of the statute authorizing the extraordinary damages. And we have held that it must clearly appear that the jury found for the plaintiff under the statutory cause of action authorizing these extraordinary damages, and not for any other alleged cause of action." (Citations omitted.) This has remained the rule for recovery under § 14-295. See Leone v. Knighton, supra, 196 Conn. 496.
Although the current version of § 14-295 allows recovery of double CT Page 8349 or treble damages only for a violation of a limited number of serious motor vehicle statutes, see Armstrong v. Smith, supra, its predecessors likewise limited recovery of extraordinary damages to those rule-of-the-road violations deemed to pose the greatest danger to the public at the time of their enactment. The present language of § 14-295
does not provide a basis to obviate the well-established rule that the complaint must clearly state those facts which would establish statutory liability for double or treble damages.
A jury must make certain specific factual determinations in order to impose statutory punitive damages under § 14-295. "Whether to award punitive damages is a different question than what compensatory damages ought to be. The findings of fact on which a jury might decide to award increased damages are different from those necessary for compensatory damages." Harewood v. Carter, 63 Conn. App. 199, 206, 772 A.2d 764
(2001). Merely alleging a deliberate or reckless violation of one of the predicate statutes does not suffice to describe the conduct which would entitle a plaintiff to the extraordinary remedy available under §14-295. To state a cause of action under § 14-295, a plaintiff must allege sufficient facts establishing that the predicate statute was violated with the requisite mental state, that is, deliberately or with reckless disregard, and that such violation was a substantial factor in producing the plaintiffs injury.
In this case, the plaintiff has amended his statutory damages claim to allege that the defendant Sciarretta was "operating his wrecker recklessly, having regard to the width, traffic and use of the highway, the intersection of streets and weather conditions, and said defendant knowingly operated a wrecker vehicle with defective brakes and at an excessive speed in a highly congested area, and such operation by said defendant constituted reckless operation of his wrecker vehicle in violation of Section 14-222 of the Connecticut General Statutes. He was operating his wrecker with reckless disregard of the provisions of and in violation of Sections 14-218 (a), 14-222 and 14-240 of the Connecticut General Statutes, and such violation was a substantial factor in causing plaintiffs injuries and damages." Viewing these allegations in the light most favorable to the pleader, as is required, see, e.g., Faulkner v.United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997), they suffice to state a cause of action for statutory damages under § 14-295
at least to the extent that the plaintiff has pled that the defendant operator "knowingly operated a wrecker vehicle with defective brakes and at an excessive speed in a highly congested area." These are specific facts from which a jury could conclude, if they are proven, that the defendant deliberately violated § 14-222, a predicate statutory violation for § 14-295 liability. Accordingly, the motion to strike the second count on the ground that it fails to allege sufficient facts CT Page 8350 to support § 14-295 liability is denied.
The defendant Preferred has also claimed that it cannot be held vicariously liable under § 14-295 for the conduct of Sciarretta. On this issue, as well, there is a split of authority in the Superior Court with some courts holding that an owner may be held vicariously liable for the reckless conduct of the driver and others holding that an owner may not. See Bostick v. Dvornek, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 383575 (Dec. 13, 2001) (Gallagher, J.) and cases cited therein. Again, the antecedent "rule-of-the-road" punitive damages statutes provide some guidance for this court's decision. The 1797 act and it successors specifically imposed liability upon the owner of the vehicle when the operator was unable pay punitive damages for which he had been found liable. Under the act, a plaintiff could bring a writ of scire facias to collect the punitive damages from a master for the actions of his servant. Levick v. Norton, supra,51 Conn. 468-71. The statute remained essentially the same until 1905 when it was amended to impose substantial restrictions on the injured person's ability to recover against the owner.[2] The restrictive statute was then repealed in 1921 without a replacement, but in 1925 the legislature enacted a statute which imputed liability to the lessor of a motor vehicle for the conduct of the operator of the motor vehicle. The provisions of that law are now codified in § 14-154a. Gionfriddo v.Avis Rent A Car System, Inc., supra, 192 Conn. 287. No similar provisions imposing liability on the owner of a vehicle for the conduct of an operator have come forward to the present day § 14-295.
The court is not aware of a statute which presently imputes liability for treble damages to an employer-owner of a motor vehicle for reckless operation by his employee-operator.[3] The legislature clearly could have chosen to continue to impose liability under these circumstances, but it did not. "A cause of action derived from statute cannot be judicially expanded to apply to situations for which the legislature has declined to provide relief. . . . The language of § 14-295 speaks only of multiplied damages against those who drive recklessly." (Citation omitted). Clark v. Gallup, Superior Court, judicial district of Tolland at Rockville, Docket No. 074117 (June 13, 2001) (Sferrazza, J.). This is consistent with the penal and remedial purposes of the statute which allow an additional award to a plaintiff not for compensation for injury but "as a reward for securing the punishment of one who has committed an offense which the legislature deems to be a public wrong." Tedesco v.Maryland Casualty Co., 127 Conn. 533, 537, 18 A.2d 357 (1941).
In the absence of an "operative statute," the common law limits recovery against employers for punitive damages assessed against their employees. Gionfriddo v. Avis Rent A Car Systems, Inc., supra, CT Page 8351192 Conn. 288; Maisenbacker v. Society Concordia, 71 Conn. 369, 379,42 A. 67 (1899). Section 14-295 does not authorize the vicarious assessment of punitive damages in this case. See Alves v. Brown, Superior Court, supra, (Feb. 21, 2002) (Rush, J); Carta v. Cohn, Superior Court, supra, (Jan. 12, 1999) (Dorsey, J.T.R.). Accordingly, the motion to strike the second count as to Preferred is granted.
In sum, the court denies the motion to strike the second count as to the defendant Sebastiano Sciarretta and grants the motion to strike the second count as to the defendant Preferred Towing Auto Repair, Inc.. The court grants the motion to strike the fourth count as to both defendants because there is no discernible cause of action pled in that count.
 ___________________ LINDA K. LAGER, JUDGE