(66 Misc. Rep. 253.)

### WILCOX v. SUPREME COUNCIL OF ROYAL ARCANUM.

(Supreme Court, Special Term, Onondaga County. February, 1910.)

1. INSURANCE (§ 694*)—MUTUAL BENEFIT ASSOCIATIONS—TRIAL OF MEMBER —CONSTITUTION OF TRIBUNAL.

   The rule that no one can be a judge of a cause in which he is interested applies to members of a tribunal constituted under the laws of a fraternal corporation to try a member on charges which may result in his expulsion.

   [Ed. Note.—For other cases, see Insurance, Dec. Dig. § 694.*]

2. INSURANCE (§ 694*)—MUTUAL BENEFIT ASSOCIATIONS—CHARGES AGAINST MEMBER—CONSTITUTION OF TRIBUNAL.

   Where a member of a beneficial association is charged with having falsely accused the members of the Supreme Council of being robbers and criminals, a tribunal constituted of members of the Supreme Council is not qualified for the trial of such charges.

   [Ed. Note.—For other cases, see Insurance, Dec. Dig. § 694.*]

3. INSURANCE (§ 694*)—MUTUAL BENEFIT ASSOCIATIONS—CHARGES AGAINST MEMBER—CONSTITUTION OF TRIBUNAL—JUDGMENT.

   Where members of the Supreme Council of a beneficial association try a member who had accused them of being robbers and criminals, the judgment of such tribunal is voidable only, and while it stands cannot be collaterally attacked.

   [Ed. Note.—For other cases, see Insurance, Dec. Dig. § 694.*]

4. WORDS AND PHRASES—"PRACTICABLE."

   The word "practicable" does not necessarily mean "possible of execution." An act is practicable if conditions or circumstances permit its performance. It is practicable if, under all the circumstances, it is feasible; if it can be done lawfully with reasonable convenience.

   [Ed. Note.—For other definitions, see Words and Phrases, vol. 6, pp. 5483, 5484.]

Action by Mary Clara Wilcox against the Supreme Council of the Royal Arcanum. Verdict for plaintiff. Motion to set aside verdict and for a new trial. Granted.

Hancock, Hogan & Hancock, for plaintiff.

Howard C. Wiggins and Ceylon H. Lewis, for defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ANDREWS, J.   The defendant is a fraternal corporation, created under the laws of the state of Massachusetts.   One Frank Z. Wilcox was one of its members.   As such he held a benefit certificate payable to the plaintiff at his death, provided that, at that time, he was a member in good standing in the order.   This action is brought to recover the amount of such certificate.

In December, 1905, proceedings, regular upon their face, were begun, which resulted in the expulsion of Mr. Wilcox upon charges which, if true, amply justified such action.   The tendency of these charges was to bring the order itself into disrepute, to impair its efficiency, to render the obtaining of new members difficult, and to produce dissatisfaction and withdrawals among existing members.   People ex rel. Meads v. McDonough, 8 App. Div. 591, 600, 35 N. Y. Supp. 214, 40 N. Y. Supp. 1147.   It is claimed by the plaintiff, however, that the court which passed upon these charges was without jurisdiction, and that, therefore, Mr. Wilcox continued to be a member of the order until his death on August 31, 1908.   If so, the plaintiff is entitled to the benefits provided by the certificate.   At the close of the evidence, the court directed a verdict for the plaintiff; and it is to review such action that this motion is made.

The Supreme Regent is the highest executive authority of the Royal Arcanum.   The Supreme Council, consisting of 115 members, is its highest legislative body.   The laws of the order provide, under such circumstances as arose in the Wilcox Case, that the Supreme Regent shall appoint a trial committee, to consist of not less than three nor more than five members of the order, "who shall, if practicable, be members of the Supreme Council."   This committee transmits a copy of the charges to the person accused and cites him to appear before it and stand trial on a day appointed.   Upon that day the trial committee meets, hears the testimony, and submits to the Supreme Regent its report, and, if the accused is found guilty, declares the punishment which in their judgment should be imposed.   This penalty the Supreme Regent may approve, or he may increase or diminish it; and he is to enforce it.   The punishment may be expulsion from the order or a lesser punishment.   The accused has the right to appear before the trial committee, personally or by counsel, plead to the accusation, and offer testimony in his own defense.   General Laws, §§ 652, 654, 657, 658, 659, 660, 663, 665, 671.   The trial committee, therefore, constitutes a court before which the accused is brought for trial.   So far as it confines itself to the powers vested in it and in good faith pursues the method prescribed by the laws of the association, such laws not being in violation of the laws of the land or of any inalienable right of a member, its sentence is conclusive, like that of any judicial tribunal. But, as is the case of all courts, the invariable rule that no one can be a judge of his own cause or the judge of a cause in which he is interested or involved, except in those rare cases where justice would otherwise fail entirely, must be applied to its members.   Stockwell v. Board, 22 Mich. 341; 23 Cyc. 590, and cases cited.

In the case at bar, the charge against Mr. Wilcox was that he violated section 627 of the laws of the Royal Arcanum, in that he was

guilty of improper conduct, violative of his duty or of his obligation and unbecoming his profession as a member of the order.   The specification showing wherein he had violated such section was that he had published or caused to be published in various newspapers interviews attacking the Supreme Council, and in which he also said that "grafters, robbers, thieves, conspirators, highwaymen, and criminals are common expressions heard on every side regarding members of the Supreme Council;" and that the "rascals, grafters, thieves, and robbers in the Supreme Council of the Royal Arcanum should be swept into oblivion;" and that "the men who composed the Supreme Council had the nerve to commit a great crime against those who had trusted them;" and that "there is but one answer to the question as to why they so acted, namely, graft, of the most villainous kind;" and, finally, that:

"When we find such infinitesimal creatures * * * occupying the highest positions in the Supreme Council, men, who, as their acts show, exhibit scarcely the brains of an angleworm, is it any wonder that suddenly the members find such a deplorable state of affairs?  A clear betrayal of a great trust truly is this case.  Toads have crawled into the eagle's nest."

The charge clearly is that Mr. Wilcox deserved expulsion because he accused the Supreme Council of robbing the members of the order, and accused the members of the council of being robbers and criminals.   Upon this charge and under these circumstances the Supreme Regent appointed as a trial committee three members of the Supreme Council.   Mr. Wilcox was accused of defamation and disloyalty, in that he had charged his judges with graft, robbery, and theft. If these charges were true, his action constituted not only no offense against the laws of the Royal Arcanum, but was required by its best interests.   The members of the court, therefore, had a personal interest in the decision to be reached.

Further, in my opinion, such an interest was an interest which disqualified them to act as judges.   It has been said that the interest which disqualifies is a pecuniary interest, or one which involves some individual right or privilege; and it has been held that one indicted for criminal libel against a magistrate may be tried before that magistrate.   Clyma v. Kennedy, 64 Conn. 310, 29 Atl. 539, 42 Am. St. Rep. 194.   This is too narrow a construction of a rule which should be broadly and freely interpreted in the interests of justice; and where, as here, charges are made against a person which, if true, render him liable to punishment under the criminal law of the state and also to deprivation of the office which he holds and expulsion from the order to which he belongs, the person so charged may not sit in a case the result of which directly depends upon the truth of those charges.   State v. Bradish, 95 Wis. 205, 70 N. W. 172, 37 L. R. A. 289; Stockwell v. Board, 22 Mich. 341; People ex rel. Pond v. Trustees, 4 App. Div. 399, 39 N. Y. Supp. 607; Converse v. McArthur, 17 Barb. 410; Smith v. Nelson, 18 Vt. 511, 559; North Bloomfield Gravel Mining Co. v. Keyser, 58 Cal. 315; Jackson v. South Omaha Live Stock Exchange, 49 Neb. 687, 693, 68 N. W. 1051; Andrews v. National Bank of North America, 7 Hun, 20; Redfield v. Redfield, 110 N. Y. 671, 18 N. E. 373.

If, under the laws of the order, it is essential that the trial committee should be composed of members of this council, the exception to the rule of which I have spoken would be applicable. Upon joining the order Mr. Wilcox made himself subject to its constitution and laws. If he agreed that, should he be charged with any offense, the trial should be before a committee composed of certain men, he could not, by accusing the man who selects that committee and every person from whom it might be selected of crime, render himself immune from punishment on the theory that by his own acts he has made it impossible that he should have a fair and impartial trial before fair and impartial judges. Matter of Ryers, 72 N. Y. 1, 28 Am. Rep. 88. If, on the other hand, under the rules of the order, judges may be selected who are not involved in the attack made by him, then such action is essential. Stockwell v. Board, 22 Mich. 341, 351. I think that such a selection could have been made in this case.

By section 652 of the laws the Supreme Regent was to select a trial committee consisting of members of the order who should, if practicable, be members of the Supreme Council. "If practicable" does not mean, necessarily, "possible of execution." As long as three or four members of the Supreme Council are in office, their selection as a trial committee would be possible in every case. An act is practicable if conditions or circumstances permit its performance. Rizer v. People, 18 Colo. App. 40, 69 Pac. 315. It is practicable, if, under all the circumstances, it is feasible; if it can be done lawfully with reasonable convenience.

In the case at bar the selection of members of the Supreme Council was not practicable, if they were so interested in the result of the trial as to be disqualified as judges. I am, therefore, of the opinion that the trial committee selected could not properly try Mr. Wilcox.

It does not follow, however, that its action was void. The statutes of this state have long provided that a judge shall not sit in a case in which he is interested. The exclusion wrought by this rule "is as complete as is in the nature of the case possible. The judge is removed from the cause and from the bench. He cannot sit as such. The spirit and language of the law are against it. * * * He cannot sit, says the statute. It is a legal impossibility, and so the courts have held it." Oakley v. Aspinwall, 3 N. Y. 547. If interested he is absolutely without jurisdiction. The consent of all parties will not cure the defect. Any decree or judgment he may render can be attacked collaterally.

But this result depends upon the statute. At common law the rule that no one should decide his own cause equally prevailed; yet there, where a judge so disqualified did act, such action was held to be an error or irregularity, not affecting his jurisdiction. In such cases the judgment was voidable, not void. It could not be attacked collaterally. The only relief was its vacation or reversal, and the disqualification could be waived. Freem. Judg. (4th Ed.) § 145; Foot v. Stiles, 57 N. Y. 399; Forest Coal Co. v. Doolittle, 54 W. Va. 210, 46 S. E. 238.

In the case at bar the trial committee were interested in the case tried before them, as I have held. They did not constitute a proper

tribunal. But this was not because of any statute. The statute in this state refers simply to judges eo nomine, holding courts in the ordinary sense of the term. Foot v. Stiles, 57 N. Y. 399. Their disqualification was solely because of the maxims of the common law.

If so, there is an obstacle to recovery in the present case. It was an action at law brought to recover on a benefit certificate issued by the defendant. If Mr. Wilcox was not a member of the order at the time of his death, there can be no recovery. There is a judgment in existence expelling him from the order. If the court which rendered it had jurisdiction, if its action was not void but voidable, this judgment cannot be attacked collaterally. It must stand until it is set aside in a proper proceeding for that purpose.

I am, therefore, of the opinion that the action of the court in directing a verdict for the plaintiff was erroneous, and that the motion for a new trial herein must be granted.

An order setting aside the verdict and for a new trial, with costs to abide the event, may be entered.

Motion granted, with costs to abide event.