# Ida M. Dunbar *vs.* Frederick B. Jones.

First Judicial District, Hartford, May Term, 1913.

Prentice, C. J., Thayer, Roraback, Wheeler and Beach, Js.

In order to entitle a plaintiff to recover double or treble damages for injuries resulting from a violation of the law of the road (Public Acts of 1905, Chap. 216, §§ 2, 3, as amended by Chap. 268 of the Public Acts of 1909), it must clearly appear that the verdict of the jury was based solely upon this statute and not upon any other alleged cause of action. Accordingly, if the complaint sets forth two causes of action, as in the present case, for one of which single damages only are recoverable, and for the other double or treble damages, at the discretion of the trial court, and a general verdict for the plaintiff leaves it uncertain upon which cause the damages were assessed, his recovery must be for single damages only.

To entitle a plaintiff to such multiple damages it is essential that they should be demanded in his claim for relief.

In the present case the plaintiff sought to recover damages for personal injuries caused by the alleged rapid and reckless driving of the defendant's automobile, in violation of § 11 of chapter 211 of the Public Acts of 1909, and also by alleged violations of chapter 216 of the Public Acts of 1905, as amended by chapter 268 of the Public Acts of 1909, defining the law of the road and authorizing double or treble damages for injuries caused by its infraction; but the complaint did not specifically claim double or treble damages. The trial judge charged the jury that the plaintiff was entitled to recover if she had proved either cause of action, and the jury returned a general verdict in her favor. *Held* that under these circumstances it was error for the trial court to render judgment for double the amount of the verdict.

A severable error never vitiates the entire judgment. In such a case this court can set aside the part that is erroneous and affirm that which is lawful. Accordingly, where the sole error relates to the action of the trial court in doubling the damages awarded by the jury, the cause will be remanded for the rendition of a judgment for the amount of the verdict.

A verdict should not be set aside as contrary to the evidence, unless it is such as to denote that some mistake has been made by the jury in the application of legal principles, or that they were influenced by prejudice, corruption or partiality. It is not sufficient to set aside a verdict for the plaintiff, that his claims were supported only by his own direct testimony, partially corroborated by that

Dunbar *v*. Jones.

of another witness, and were contradicted by the direct testimony of the defendant and four other witnesses.

The weight of evidence is not to be determined by the number of witnesses who testify on the one side and the other, and an instruction to the jury to that effect affords the losing party no cause of complaint.

In the present case the jury were instructed that negligence was a breach of duty, that the burden was upon the plaintiff to prove that no breach of duty on her own part contributed essentially to her injury, that the law required from each of the parties reasonable care, that is, such care as would be used by a reasonably prudent man placed in a similar position, and that the plaintiff must prove not only the negligence charged, but also that such negligence caused the alleged injury. *Held* that this instruction sufficiently stated the law as to contributory negligence and proximate cause.

In stating to the jury the law which prohibits the operation of a motor vehicle on the public highways recklessly or at a greater speed than is reasonable and proper (having regard to the width, traffic and use of the highway), or so as to endanger the property or the life or limb of any person, the trial court omitted to call their attention to the words enclosed in brackets. *Held* that this omission, even if technically incorrect, furnished no ground for a new trial.

Argued May 6th—decided July 25th, 1913.

ACTION to recover damages for personal injuries alleged to have been caused by the defendant's reckless and dangerous driving of his automobile, and by violations of the law of the road, brought to the Superior Court in Litchfield County and tried to the jury before *Burpee, J.;* verdict for the plaintiff for $1,000, which the trial court doubled upon motion of the plaintiff, from which judgment the defendant appealed. *Error, judgment set aside and cause remanded with direction to render judgment for plaintiff for $1,000.*

*Samuel A. Herman,* for the appellant (defendant).

*Walter Holcomb,* for the appellee (plaintiff).

RORABACK, J. The complaint is susceptible of a double character. It states facts which would suffice

for recovery under the provisions of § 11 of chapter 211 of the Public Acts of 1909, p. 1144, which provides that "no person shall operate a motor vehicle on the public highways of this state recklessly or at a rate of speed greater than is reasonable and proper, having a regard to the width, traffic, and use of the highway, or so as to endanger the property or the life or limb of any person"; and also under those of § 3 of chapter 216 of the Public Acts of 1905, as amended by the Public Acts of 1909, chapter 268, p. 1256. Section 3 of this Act so amended reads as follows: "Every person who shall, by neglecting to conform to the provisions of section two of this act, cause any injury to the person or property of another, or shall negligently collide with another, thereby causing such injury, shall pay to the party injured double or treble damages, as, in the discretion of the judge of the court in which the action is pending, shall seem just, together with the costs of such action." The judge in his instructions to the jury recognized the dual nature of the plaintiff's action, and gave the plaintiff the full benefit of both causes of action. The trial resulted in a general verdict of $1,000 for the plaintiff. Thereupon the plaintiff filed a motion that she be awarded double or treble damages. The court allowed double damages, under the provisions of the Public Acts of 1905 as amended by the Public Acts of 1909.

In this there was error. From the allegations contained in the complaint, and from the charge, it is clear that this case was not, as the plaintiff claims, exclusively based and tried upon the provisions of the Public Acts of 1909, which gave the trial judge the right to double or treble the damages assessed by the jury. In the absence of a special verdict, it was impossible for the trial court to determine whether or not the jury assessed damages under the statute upon which double damages were awarded. Statutes allowing

the recovery of double or treble damages, as increased damages for injuries suffered by the negligence of another, are generally regarded as remedial. "In so far as chapter 216 of the Public Acts of 1905, as amended by chapter 268 of the Public Acts of 1909, requires the person at fault to pay to the injured party a greater sum than that which measures the injury sustained, though not strictly penal, it so far partakes of the nature of a penal statute that it should be construed with reasonable strictness in determining whether the act complained of comes within the description in the statute of the acts for which the person in fault is made liable." *Dubreuil* v. *Waterman,* 84 Conn. 47, 51, 78 Atl. 721. In trespass, where the declaration contains several counts, some at common law and some under statute, and entire damages are assessed, they will not be trebled where this is allowed only on the statutory counts, and it does not appear that they were assessed on them alone. *Lowe* v. *Harrison,* 8 Mo. 350.

"The jury [under an Act entitled 'An act to Prevent Certain Trespasses'] can only assess single damages; and . . . when a proper case is made out for trebling the damages, it can only be done by the court. . . . The court is not authorized to treble the damages assessed by the jury in a general verdict, in a case where the petition contains counts under the statute and at common law; or the petition goes for the wrongful entry *and* other damages." *Brewster* v. *Link,* 28 Mo. 147, 149.

To bring this case within the provisions of § 3 of chapter 216 of the Public Acts of 1905, as amended by chapter 268 of the Public Acts of 1909, it should clearly appear that the case was tried, and that the jury found for the plaintiff, under this statute, and not for any other alleged cause of action. This does not appear.

The plaintiff contends that some of the recent deci-

sions of this State indicate that in statutory actions it is unnecessary to aver that the action is based upon the statute, if the averments of the complaint are such as to show that the action is brought under the statute and not otherwise. Such is not the present case. When a statute like the one upon which the plaintiff now relies, permits the plaintiff to recover twice or thrice the damages given by the jury, it is necessary that the claim for relief should advise the defendant of an intention to claim such a remedy. See *Dubreuil* v. *Waterman,* 84 Conn. 47, 52, 78 Atl. 721. There is nothing in the complaint now before us to indicate that the plaintiff intended to claim anything more than single damages.

Error is assigned because the court denied the defendant's motion to set aside this verdict as against the evidence. The only witnesses to the accident were the plaintiff, the defendant and his three daughters, and his mother-in-law. What actually occurred when the plaintiff claimed that she sustained her injuries was confined to the testimony of these persons. The testimony of the plaintiff upon this branch of the case was corroborated in part by a witness who stated that he was at the place where the accident occurred, and observed the tracks of the plaintiff's wagon and of the defendant's automobile before any other vehicles passed. The testimony of these witnesses, if credited by the jury, would have warranted them in finding facts which, under the instructions given, would have justified the verdict rendered. Their conclusion was not such as to denote that some mistake was made in the application of legal principles, or as to justify àn inference that they or some of them were influenced by prejudice, corruption, or partiality. *Bergh* v. *Spivakowski,* 86 Conn. 98, 84 Atl. 329.

The defendant complains of the charge because the court did not explain to the jury what constituted con-

tributory negligence on the part of the plaintiff, and in not defining contributory negligence and proximate cause.

The court, upon the question of negligence, stated to the jury: "Negligence in law is a breach of duty. It is the failure to exercise that degree of care in given circumstances which a person of ordinary prudence would exercise in similar circumstances. It is the neglect to perform, or the improper or insufficient performance of, a legal duty." The jury was also instructed: "The burden is upon the plaintiff to prove . . . that no breach of duty on her own part contributed essentially to her injury. The plaintiff is bound to prove, not only the negligence charged, but also that such negligence caused the alleged injury. In this case, the question to be settled by you is whether there has been such a breach of duty by this defendant, without any corresponding breach of duty by this plaintiff. To ascertain this, you should understand what, in law, constitutes such a breach of duty, and then determine whether or not there has been in fact such a breach of duty in this case. What constitutes a breach of duty is a question of law upon which you will be instructed by the court. Whether in fact there has been such a breach of duty, is a question of fact for you alone to decide. The court will state to you the law, and you will be expected to follow its interpretation and instructions strictly; but as to the questions of fact which may be involved, they are entirely within your province for decision. The legal duty which this defendant owed to this plaintiff in the situation set out in this complaint and claimed to have been proved by the evidence, was the duty of exercising reasonable care toward the plaintiff. Reasonable care, in law, means such care as would be used by a reasonably prudent man placed in a situation similar to that in

which these parties were placed; and the same degree of reasonable care the law requires of each of them." There is nothing in this part of the charge of which the defendant can complain.

It is a further ground of appeal that the court instructed the jury as follows: "I have been requested by the plaintiff to charge you that while it is true that the burden of proof is on the plaintiff to prove all the allegations of her complaint covering the negligence of the defendant and her freedom from negligence, yet it is also true that the weight of evidence is not determined by the number of witnesses. Of course, gentlemen, you know that is true. You are at perfect liberty to believe the testimony of one witness against any number. You are to weigh the evidence presented, without regard to the number of witnesses who may testify to one particular fact, that is, without being controlled by the fact that more witnesses testify to one set of circumstances than to another."

The criticism as to the last portion of these instructions is without substantial foundation. It was within the power of the jury to credit the testimony of the plaintiff as against that of the defendant's witnesses, and to accept her evidence of the facts to which they referred. *Sackett* v. *Carroll*, 80 Conn. 374, 377, 68 Atl. 442.

It is a further ground of appeal that the court instructed the jury as follows: "In this State the law of the road, as it is called, has been stated in an Act of the legislature. It is supplementary of the common law. It requires that no person shall operate a motor vehicle on the public highways of this State recklessly or at a rate of speed greater than is reasonable and proper, or so as to endanger the life or limb of any person. It therefore follows that if any person does operate an automobile upon the highways of this State contrary to the provisions of this statute, he is not doing so with

reasonable care, and that it is negligence on his part to do so, and that if injury results by reason of his so operating an automobile upon a highway of this State, he is responsible for the consequences." The defendant objects to this part of the charge because the court did not state to the jury that in their deliberations they, in the language of the statute, should have "regard to the width, traffic, and use of the highway."

The instructions of the court upon this branch of the case were not a complete statement of all the provisions of the statute to which they were directed, yet the omission of these words, if technically incorrect, does not furnish a ground for a new trial.

As we have seen, there were other issues, properly presented to the jury, upon which they may have found for the plaintiff. The same verdict could have been properly reached under either one of the two causes of action set forth in the complaint. We cannot say that the jury did not find for the plaintiff upon the first one of these alleged causes of action.

One reason of appeal questions the action of the trial court in refusing to set aside the verdict because it was excessive. "In this class of cases the damages cannot be computed by mathematical calculation, and the law furnishes no precise or definite rule for their assessment, which is peculiarly within the province of the jury." *Knight* v. *Continental Automobile Mfg. Co.*, 82 Conn. 291, 293, 73 Atl. 751.

We have already held groundless an assignment of error relating to the action of the court below in refusing to set aside the verdict as against the evidence. The discussion of that proposition is pertinent in part to the one relating to excessive damages. The trial judge has denied this motion, and we cannot say, upon the evidence before us, that he was in error. The verdict of $1,000 for single damages was valid.

The court, upon motion of the plaintiff, allowed double damages, and adjudged that the plaintiff recover the sum of $2,000. In this there was error to the extent of $1,000. A severable error in a judgment never vitiates the whole judgment. The court in such a case can set aside that part of the judgment which is erroneous and affirm that which is lawful. *Clyma* v. *Kennedy*, 64 Conn. 310, 320, 29 Atl. 539.

There were other criticisms of the charge, which were not pressed in the argument, and which do not require any discussion upon the part of this court.

There is error, the judgment is set aside, and the cause remanded with direction to render judgment for the plaintiff for $1,000.

In this opinion the other judges concurred.