HAROLD W. TILLINGHAST vs. CHARLES H. LEPPERT.

First Judicial District, Hartford, October Term, 1918.
PRENTICE, C. J., RORABACK, WHEELER, BEACH, and GAGER, Js.

General Statutes, § 1573, permitting the trial court, in its discretion, to double or treble the actual damages caused to the person or property of another by a violation of the "law of the road," as prescribed in §§ 1568 and 1569, applies only where such violation, alleged in the complaint, is the sole cause of the injury. Accordingly, if the complaint also alleges other causes or grounds of injury—as in the present case—, and a general verdict for the plaintiff is rendered, the trial court cannot properly multiply the damages so found, since there is no way of ascertaining that they were awarded for the violation of the statute rather than for one or more of the other causes alleged.
The foregoing rule can work no hardship, for a litigant may request a special verdict, or may submit interrogatories the answer to which by the jury will disclose the basis of their verdict.
A general verdict for the plaintiff raises the presumption that all of the issues were found in his favor.

Argued October 4th, 1918—decided February 19th, 1919.

ACTION to recover treble damages for injuries to the plaintiff's automobile by a collision upon the highway, brought to the Superior Court in Hartford County and tried to the jury before *Case, J.;* verdict for the plaintiff for $175, for $25 of which the plaintiff filed a *remittitur,* after which the trial court trebled the sum so reached ($150) and awarded $450 from which the defendant appealed. *Error, judgment set aside with direction to enter judgment for the plaintiff for $150.*

*Harry W. Reynolds,* for the appellant (defendant).

*Leonard O. Ryan,* for the appellee (plaintiff).

WHEELER, J.   The appeal presents the single question whether the court erred in its ruling trebling the actual damages of $150.

In a single count the complaint sets forth several independent causes of action, each seeking a single recovery for the same injury.   The allegation of paragraph 3, that "the defendant carelessly and negligently collided with the automobile of said plaintiff," is that of the common-law cause of action of negligence.   The allegation of paragraph 4, that "said defendant was operating his automobile in a careless and reckless manner, at a rate of speed greater than was necessary and proper, having regard to the width, traffic, and use of the highway, said collision taking place at a curve or sharp turn in the highway, posted with signs," is that of a cause of action based upon §§ 14 and 22 of Chapter 333 of the Public Acts of 1917, called the Motor Vehicle Act.   General Statutes, §§ 1538, 1540.   The allegation of paragraph 5, that "the defendant carelessly and negligently failed on approaching said plaintiff to slacken his pace, and give a timely signal, and seasonably turn to the right to give the plaintiff half

of the traveled path and a fair and equal opportunity to pass," is that of a cause of action based upon § 2 of Chapter 305 of the Public Acts of 1917 (General Statutes, § 1568), called the law of the road, supplemented by the words "and give a timely signal," taken from § 22 (b) of Chapter 333 of the Public Acts of 1917 (General Statutes, § 1540).

The allegations of the complaint thus describe at least three independent causes of action: one upon the common-law rule of negligence, one upon the provisions of the motor-vehicle statute, and one upon the statute denominated the law of the road.

There is no rule of law and no statutory authority which authorizes a court to double or treble the damages awarded by court or jury for the causes of action set forth in this complaint, except as for the cause of action based upon Chapter 305 of the Public Acts of 1917 (General Statutes, § 1568), and § 7 of this Act (§ 1573) does confer such authority.

The verdict was a general one, hence the presumption is that the jury found all issues for the plaintiff. *Foster* v. *Smith*, 52 Conn. 449, 451. The damages were limited, by the charge of the court, to compensation for the injury to the automobile, and should have been the same whether one or all of the causes of action were found, because there was a single, indivisible injury. It would seem to follow logically that the actual damages found could not have been more, whether the verdict was on one or all of the causes of action alleged. Though this is plainly true in this case, it might not be so in another case where several causes of action were joined in one complaint.

We have adopted certain rules governing actions seeking to recover double or treble damages under statutes. We require that the complaint shall clearly state such facts as will bring the case within the statute.

*Broschart* v. *Tuttle,* 59 Conn. 1, 8, 21 Atl. 925. And we require that the claim for relief shall be specifically based upon the statutory remedy. *Dunbar* v. *Jones,* 87 Conn. 253, 257, 87 Atl. 787. We also require the proof to indicate that the verdict was necessarily founded upon a violation of the statute authorizing the extraordinary damages. *Broschart* v. *Tuttle,* 59 Conn. 1, 8, 21 Atl. 925; *Dunbar* v. *Jones,* 87 Conn. 253, 256, 87 Atl. 787. And we have held that it must clearly appear that the jury found for the plaintiff under the statutory cause of action authorizing these extraordinary damages, and not for any other alleged cause of action. *Dunbar* v. *Jones,* 87 Conn. 253, 256, 87 Atl. 787. Where the complaint contains two causes of action, one under the statute authorizing these extraordinary damages and one under the common law, and the verdict is a general one, we have held that the court may not treble the damages assessed by the jury. *Dunbar* v. *Jones, supra.*

It is possible that the record may show clearly, notwithstanding the general verdict, that the jury found the damages under the statute allowing the trebling or doubling of the damages, and not for any other alleged cause of action, but where this does not so appear the rule adopted must govern. This can work no hardship upon the litigant, for it is within his province to secure a direction of the verdict as to each cause of action relied on by him. *Johnson* v. *Higgins,* 53 Conn. 236, 241, 1 Atl. 616.

The appellant correctly says that practically the same question raised by this appeal was decided in *Dunbar* v. *Jones,* 87 Conn. 253, 87 Atl. 787. The proof in that case was practically limited to violations of the so-called law of the road. But the complaint contained in a single count two causes of action, and the charge of the court permitted a recovery upon either or both,

and because of this we held that the granting of double damages was not authorized.

In this case there was no attempt in the proof to limit the action to a violation of the law of the road. On the contrary, the court permitted a recovery upon "some one or more of the ways assigned . . . by the complaint." We have no way of ascertaining that the jury based the verdict upon the cause of action setting up a violation of the law of the road, and that was the only cause of action authorizing treble damages.

The verdict was for $175; the plaintiff filed a *remittitur* consenting that "judgment may be entered as upon a verdict for $150 actual damages."

There is error, the judgment is set aside, and the cause remanded with direction to render judgment for the plaintiff for $150.

In this opinion the other judges concurred.