## MARY WHEAT v. PHILIP HAWES ET AL.

CIRCUIT COURT

FIRST CIRCUIT
FILE No. CV 1-674-25190

Memorandum filed July 19, 1967

*Cummings & Lockwood,* of Stamford, for the plaintiff.

*Willis & Willis,* of Bridgeport, for the defendants.

WISE, J. The complaint in this action alleges certain acts of negligence on the part of the defendants resulting in damage to the plaintiff's automobile. The complaint sets forth several independent specifications of common-law negligence and several specifications of statutory negligence. The plaintiff claims damages and in addition thereto seeks "double or treble damages under the statute." The statute referred to is obviously General Statutes § 14-295.[1] The defendants moved that the plaintiff's claim for double or treble damages be expunged in that the complaint is not only upon a statutory violation but upon common-law negligence and that double or treble damages are not recoverable in view of the claims of both common-law negligence

[1] "Sec. 14-295. DOUBLE OR TREBLE DAMAGES. Each person who, by neglecting to conform to any provision of sections 14-230 to 14-242, inclusive, or section 14-245, 14-246, 14-247 or 14-293, causes any injury to the person or property of another, shall be liable to the party injured in double or treble damages if, in the discretion of the court in which any action is pending, double or treble damages are just, with the costs of such action."

and statutory negligence. For the purpose of this decision, it is not necessary specifically to set forth herein the statutory negligence recited in the complaint nor refer to any such statute, since the defendants by their instant motion admit that there are statutory allegations of negligence which would make § 14-295 applicable.

The defendants cite, as their authority for their contention, *Dubreuil* v. *Waterman,* 84 Conn. 47, and *Dunbar* v. *Jones,* 87 Conn. 253. This court is of the opinion that these cases not only do not support the defendants' position but actually hold against it. In the *Dubreuil* case, the court held that since the complaint did not allege any statutory negligence essential to the recovery of double or treble damages under the then existing statute and did not contain a claim for double or treble damages, the trial court was not in error in refusing to double or treble the damages awarded to the plaintiff. The court held (p. 51) that to entitle a plaintiff to recover the double or treble damages provided for in the statute "it was necessary that the averments of the complaint should show that the action was brought upon the statute, . . . and that the act complained of, as causing the injury, was one of the acts described in the statute for which double or treble damages might be awarded."

In the *Dunbar* case, the complaint, in addition to alleging certain acts of negligence, also alleged facts and acts of negligence that would suffice for recovery under the existing statute by which double or treble damages might be awarded. The trial by jury resulted in a general verdict for the plaintiff, which the trial court doubled upon the motion of the plaintiff. On appeal, the court held this was error. From the allegations in the complaint, and from the charge, it was clear that the case was not

exclusively based and tried upon the provisions of the statute which gave the trial judge the right to double or treble the damages assessed by the jury. "In the absence of a special verdict, it was impossible for the trial court to determine whether or not the jury assessed damages under the statute upon which double damages were awarded." *Dunbar* v. *Jones,* 87 Conn. 253, 255.

It is clear from these two cases that double or treble damages may be claimed in a complaint which alleges both common-law negligence and the statutory negligence provided for in § 14-295. Indeed, in actions seeking to recover double or treble damages under the statute, it is necessary that the complaint shall clearly state such facts as will bring the case within the statute. *Tillinghast* v. *Leppert,* 93 Conn. 247, 249 (citing *Dunbar* v. *Jones,* supra). The complaint in the instant action complies with such requirements.

The motion to expunge is denied.