[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On November 2, 1990, a jury verdict was returned in favor of the plaintiff on the issue of the capacity of her mother, Irene B. Myers, to cosign a note in the sum of $25,000.00 to the defendant bank for her grandson, Mark Lauretti, and to pledge a $25,000.00 certificate of deposit owned by her in order to secure the loan from the bank. The plaintiff claims that by virtue of the jury's verdict and the evidence offered in the course of the trial she is entitled to the equitable relief requested in her complaint by way of a decree that the note be declared null and void as to Irene B. Myers for lack of capacity on her part at the time of its execution, and that the certificate of deposit be returned to her, together with all interest due thereon.
The defendant argues that the plaintiff is not entitled to the equitable relief which she seeks unless she returns the consideration she received, if any, or otherwise restores the bank to its original position. The bank relies on the general rule that an instrument cannot be cancelled "on the ground of the grantor's incompetency, where the grantee acted in ignorance of the incompetency and fairly and in good faith, CT Page 4530 unless the consideration received be refunded or the grantee restored to his original position, and injustice thus avoided." Coburn v. Raymond, 76 Conn. 484 at 489.
It should be first noted that the jury's finding in this case was made in the form of a general, rather than a special, verdict. A general verdict for the plaintiff raises the presumption that the jury found all the disputed issues of fact in her favor. Tillinghast v. Leppert, 93 Conn. 247, 249.
The disputed factual allegations which were submitted for the jury's consideration included the plaintiff's claim that the defendant "knew or should have known that Mrs. Myers was incapable of understanding the meaning and effect of making her mark on the Note." Para. 9. Another controverted issue before the jury was that "Mrs. Myers received no funds or benefit from the loan, and she has no knowledge of what happened to the proceeds of the loan." Para. 10.
The general rule that the parties must be restored to their original positions does not apply where the plaintiff received no benefit or anything of value, because in such a case there is nothing to restore. McElroy v. Security National Bank,215 F. Sup. 775, 780 (D.Kan. 1963). A cause of action for the cancellation of an instrument may be maintained without alleging a tender of restitution where the "receipt of any benefit is denied by the plaintiff and the good faith of the defendant is attacked in the pleading." Id.
The only evidence offered in the course of the trial on the question of whether Mrs. Myers derived any benefit from the loan to her grandson was her testimony that she "didn't get a cent from the loan", and the testimony of Barbara Ventrella that she had examined her mother's records and found that no part of the loan proceeds went into any of her bank accounts or were otherwise utilized for her mother's benefit. Mark Lauretti's testimony was that he used the loan proceeds for his own purposes and there was no other evidence offered by the defendant tending to show that Mrs. Myers derived any direct or indirect benefit from the transaction.
The fact that the party who lacked the capacity to contract received no benefit from the consideration paid by the other party eliminates the necessity for a return of the consideration as a condition of the avoidance of the contract for incompetency. 13 Am. Jur.2d, Cancellation of Instruments, Sec. 41. Where the incompetent does not receive the benefit of the consideration and has no responsibility for the transaction, she is entitled to equitable relief and the loss, if any, should be borne by the other party. Annot., 46 ALR 416, 429. CT Page 4531
The legal representative of an incapable person who cosigns a note may disaffirm her contract without restoring the consideration or the status quo where she has not received any benefit from the transaction. Doty v. Mumma, 264 S.W. 656,657-58 (Mo. 1924). Despite the fact that the bank advanced money to the person for whose benefit the loan was intended, where no benefit is conferred on the guarantor, the court may declare the guaranty void and thereby nullify "any obligation the plaintiffs would otherwise have had to repay those funds expended by the bank. . . ." Haumont v. Security State Bank,374 N.W.2d 8 (Neb. 1985).
For the foregoing reasons, the court finds that the plaintiff is entitled to the equitable relief which she seeks, as follows:
1. The note date June 9, 1988 (Loan #1702745) in the principal sum of $25,000.00 to Bristol Savings Bank from Mark A. Lauretti and Irene B. Myers is declared null and void as to Irene B. Myers for lack of capacity at the time of its execution and is set aside as to her, but is to remain in full force and effect as to Mark A. Lauretti.
2. The certificate of deposit described in paragraph 1 of the substituted complaint as account number 40018587 is ordered returned by the defendant to the plaintiff, Barbara Ventrella as conservatrix for Irene B. Myers together with all interest due thereon.
HAMMER, J.