[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant moves to strike the fourth count of the complaint. The fourth count is against the defendant Robert Burnett who is the father of the defendant Megan Burnett. The liability sought to be imposed upon the defendant Robert Burnett, owner of the vehicle is based upon the family car doctrine.
The fourth count seeks double or treble damages under the provisions of General Statutes § 14-295. This statute allows the imposition of double or treble damages in the event of proof CT Page 13368 that the vehicle was operated with reckless disregard of the provisions of certain statutes, including the reckless driving statute, General Statutes § 14-222.
The defendant frames the motion to strike on the basis that General Statutes § 52-182 does not allow for the imposition of multiple damages. It should be noted that General Statutes § 52-182 does not substantively impose liability. This statute merely creates a presumption that the vehicle was being operated as a family car. Such liability is imposed by the commonlaw family car doctrine. General Statutes § 51-182 creates an evidentiary presumption directed to establishing the applicability of the common law doctrine in the event of proof of certain familial relationships between owner and operator.
The substance of the defendant's motion is to the effect that even if the family car doctrine is applicable, so as to impose vicarious liability upon the defendant father Robert Barnett, yet that vicarious liability would not cause the defendant father to be liable for double or treble damages allowed against the operator under General Statutes § 14-295.
It has long been the law in this state that punitive damages are not to be imposed upon a person whose liability is purely vicarious.
 For injuries by the negligence of a servant while engaged in the business of the master, within the scope of his employment, the latter is liable for compensatory damages; but for such negligence, however gross or culpable, he is not liable to be punished in punitive damages unless he is also chargeable with gross misconduct. Maisenbacher v. Society Concordia, 71 Conn. 369, 379 (1899).
No such individual personal misconduct is herein alleged as concerns the father, the defendant Robert Burnett.
This same limitation upon the imposition of punitive damages has been applied to preclude a liability insurance carrier from the imposition of punitive damages by virtue of the conduct of the insured. Tedesco v. Maryland Casualty Co., 127 Conn. 533
(1941).
Several exceptions to this general rule have been recognized CT Page 13369 by our Supreme Court. However, these exceptions have been applied on the basis that interpretations of specific statutes compel the conclusion that in those instances the specific statutes intend to specifically impose an identical liability upon the non-actor party. See Gionfriddo v. Avis Rent A Car System, 192 Conn. 280,284 (1984) wherein the motor vehicle leasing statute, General Statutes § 14-154a specifically imposes liability on the lessor as being "the same liability as that of the operator."
The Gionfriddo court also relies for its decision on the case of Levick v. Norton, 51 Conn. 461 (1884) which statute
specifically provided ". . . The owner of such vehicle shall, if the driver is unable to do so, pay the damages recovered by writ of scire facias". That presently non-existent statute specifically referred to treble damages in imposing that liability in the first instance upon the operator.
No such specific statutory mandate is claimed to be applicable to the within action. Maisenbacher v. Concordia, supra, is and remains the controlling principal of law as pertains to this action.
The motion to strike the fourth count of the complaint is granted.
SULLIVAN, L., J.