[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff alleges, in count three, that the defendants, operator Albert Saunders and owner Theresa Saunders (vicariously) caused injury to the plaintiff by reckless operation of the motor vehicle in violation of General Statutes § 14-222, Reckless Driving. She further claims that the defendants were reckless in violating General Statutes § 14-247, "Right of Way at a Driveway or Public Road". The plaintiff claims double or treble damages pursuant to General Statutes § 14-295. The defendants move to strike the third count.
"The state of mind amounting to recklessness may be inferred by conduct." It is ". . . highly unreasonable conduct involving an extreme departure from ordinary care . . . ". Dubay v. Irish,207 Conn. 518, 532 (1988). However, the state of mind of reckless may exist without any outward manifestation of the factors which precipitate that state of mind (such as anger, frustration, priority of schedules and the like) may be known only to the actor himself and may often be discovered only by testimony or admissions of the actor.
The plaintiff alleges, in the third count, paragraph 7b, that CGS § 14-247 is one of the enumerated statutes the reckless violation of which gives rise to a claim for double or treble damages under General Statutes § 14-295. That claim is erroneous. In 1988, by Public Act 88-229, the legislature eliminated CGS § 14-247 as a statute giving rise to a claim for double or treble damages under General Statutes § 14-295. Hence paragraph 7b of the third count does not and cannot give rise to a cause of action for double or treble damages under CGS § 14-295, and is therefore stricken from the third count.
Paragraph 7a of the third count alleges a claim that the defendant violated General Statutes § 14-222, Reckless Driving. General Statutes § 14-222 is one of the enumerated statutes set forth in General Statutes § 14-295, the reckless violation of which may provide for double or treble damages.
The plaintiff has therefore alleged the violation of a specific statute which, if proven, may give rise to a claim for double or treble damages under General statutes § 14-295. First, the defendant appears to claim that a plaintiff must CT Page 6947 allege external precipitating acts outside of or in addition to common law or statutory acts or transgressions to set forth a recklessness claim in order to properly plead recklessness. The appeals court cases cited by the defendant do not support that proposition. The count must however focus upon, must identify, the particular act or omission, the legally prohibited act or omission, which it is claimed was the product of the state ofmind of recklessness. "To be legally sufficient a count based on reckless or wanton misconduct must, like an action in negligence, allege some duty running from the defendant to the plaintiff".Sherman v. Lafayette Bank Trust Co., 4 Conn. App. 39, 46
(1985). Because the same prohibited act or omission may be the product of either negligence or recklessness, pleading that prohibited act in the alternative, in separate counts, one in negligence and one in recklessness, is permissible, and is probably required as CGS § 14-295 is a statutory cause of action independent of the common law cause of action based upon negligence.
However, the third count of the complaint which alleges a violation of General Statutes § 14-222, Reckless Driving, as the basis for a CGS § 14-295 action does not allege any prohibited act, omission, or transgression which would allegedly be the product of the state of mind of recklessness. It does not incorporate any of the transgressions set forth in paragraphs 7a through 7f of the first count. It does not incorporate any of the alleged statutory violations of the two statutes set forth in the second count of the complaint. "Simply using, the word `reckless' or `recklessness' is not enough. A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made." Dumond v. Denehy, 145 Conn. 88, 91 (1958). (Emphasis added.) To state that the defendant was guilty of reckless driving because he was reckless is no different than to state that a defendant was negligent because he was negligent, which would be an obviously impermissible pleading.
As the third count is presently pleaded, paragraph 7a of the third count, does not set forth an underlying act or omission, some impermissible conduct, resulting from the state of mind of "recklessness". Hence the third count does not properly plead a cause of action for double or treble damages under General Statutes § 14-295 for violation of General Statutes § 14-222, Reckless Driving. Merely adding CGS § 14-247 to this third count, as an alternative to CGS § 14-222, does not satisfy the requirement of pleading conduct as the basis for a CT Page 6948 violation of CGS § 14-222, so as to give rise to a cause of action under CGS § 14-295.
The cause of action sought to be alleged is the third count, both the alleged violation of CGS § 14-222 and § 14-247
do not properly set forth causes of action under CGS § 14-295. Hence the motion to strike the third count of the complaint is granted.
The defendant further moves that the CGS § 14-295
punitive damage claim as against the owner of the vehicle, Theresa Saunders, vicariously so claimed under the Family Car Doctrine, be stricken on the basis that punitive damages are not allowable against a person whose responsibility is strictly vicarious. SeeMaisenbacher v. Society Concordia, 71 Conn. 369, 379 (1989).Sandstrom v. Burnett, 21 Conn. L. Rptr. 22, Feb. 16, 1998. The court does not specifically reach that issue, as the court has herein stricken the entire third count. This matter may be addressed in the event the plaintiff re-pleads within the fifteen day period provided by Practice Book § 10-44.
The motion to strike the third count of the complaint is granted.
L. P. Sullivan, J.